■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW FALSETTA, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Harrington, J.), imposed October 5, 1983, upon his conviction of attempted robbery in the second degree, upon a plea of guilty, the sentence being a period of probation not to exceed five years, with a term of six months imprisonment running concurrently with the term of probation, as well as a fine of $75. ¶ Sentence modified, as a matter of discretion in the interest of justice, by reducing the term of six months' imprisonment imposed as a concurrent condition of defendant's probation to an intermittent term of imprisonment of four months, to be served on consecutive weekends from 8:00 A.M. Saturday until 6:00 P.M. Sunday. As so modified, sentence affirmed and matter remitted to the County Court, Nassau County, to specify the first and last dates upon which defendant is to be incarcerated under such sentence in accordance with section 85.00 (subd 4, par [a], cl [iv]) of the Penal Law and for further proceedings pursuant to CPL 460.50 (subd 5). ¶ At the time of the incident, defendant was 21 years old with an unblemished record and was gainfully employed. Although the probation report recommended that defendant serve a period of incarceration to impress upon him the seriousness of his behavior, the circumstances of this case coupled with the absence of any prior criminal involvement on defendant's part mandate a reduction in the sentence imposed (see *People v Shakes,* 90 AD2d 800). Mollen, P. J., Titone, Mangano and Weinstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD H., Appellant. — Appeal by defendant, as limited by his motion, from an amended sentence of the Supreme Court, Queens County (Lonschein, J.), imposed August 18, 1983. ¶ Amended sentence reversed, on the law and as a matter of discretion in the interest of justice, and matter remitted to Criminal Term for resentencing in accordance herewith. ¶ Where a defendant is convicted on more than one count of a multiple-count indictment, the court must pronounce sentence on each count upon which defendant was convicted (CPL 380.20; *People v Licitra* 84 AD2d 539). Titone, J. P., Thompson, Bracken and Rubin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE JACKSON, Appellant. — Judgment of the County Court, Westchester County (Nastasi, J.), rendered June 29, 1981, affirmed (see *People v Harris,* 61 NY2d 9). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.