THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR TRUJILLO, Appellant.—Appeal by defendant, as limited by his motion, from an amended sentence of the Supreme Court, Queens County (Rotker, J.), imposed December 17, 1984, upon a violation of probation, the sentence being a definite term of imprisonment of one year.

Amended sentence reversed, as a matter of discretion and in the interest of justice, defendant's sentence of five years' probation is reinstated with special drug and alcohol abuse conditions, and case remitted to Criminal Term to fix those conditions.

Under all of the circumstances, we find that the appropriate sentence in this case is a period of probation with special conditions for drug and alcohol abuse *(see, People v Suitte,* 90 AD2d 80).

The record indicates that although defendant did violate the terms of his probation by driving while intoxicated immediately following his release from prison, his actions appear to

have been aberrations. Since that time, defendant has complied with the terms of his probation, maintained steady employment and, most importantly, participated in a program to combat his alcohol abuse. Under the circumstances, we conclude, as apparently did the District Court, Suffolk County, before whom the defendant pleaded guilty to driving while intoxicated, that no benefit will derive to either the community or defendant by incarcerating him further at this time, thereby impeding his rehabilitation. Mollen, P. J., Mangano and Brown, JJ., concur.

Thompson, J., dissents, and votes to affirm the amended sentence, with the following memorandum: In 1979, defendant, originally charged, *inter alia,* with assault in the second degree, grand larceny, and leaving the scene of an accident, received youthful offender treatment and was sentenced to a period of probation. In December 1983 defendant was convicted of the class C felony of attempted criminal sale of a controlled substance in the third degree. Facing a potential maximum sentence of 15 years' imprisonment, defendant received a sentence of five years' probation to run concurrent with a six-month term of imprisonment. In June and July 1984 defendant was arrested on three separate occasions for driving while intoxicated. He was subsequently convicted of one count of driving while intoxicated and one count of driving while impaired. He received a sentence of probation and a fine, and a second sentence of a fine.

As a result of his conviction for driving while intoxicated, defendant pleaded guilty to a violation of the probation imposed for his drug conviction, and a sentence of one year's imprisonment was imposed. This court is now exercising its discretion to impose a sentence of probation for the act of violating probation. I cannot concur with this approach. It renders the entire purpose of a probationary sentence meaningless. Defendant has had an ample opportunity before this to straighten himself out. He started his second probationary period by being arrested for driving while intoxicated on three separate occasions. He has already been sentenced to. a third probationary period for the acts constituting his violation of probation. Enough is enough. It is time for defendant to face the consequences of his conduct. Accordingly, I respectfully dissent and vote to affirm the amended sentence imposed.