■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH LADYZINSKI, Appellant.—Appeal by defendant, as limited by his motion, from a sentence of the County Court, Nassau County (Harrington, J.), imposed December 20, 1984, after his conviction of driving while intoxicated as a felony, upon his plea of guilty, the sentence being, inter alia, (1) five years' probation, to run concurrent with 90 days' imprisonment, (2) continuation of an alcohol therapy program and weekly attendance at Alcoholics Anonymous (AA) meetings upon release, and (3) a fine of $500.

Sentence modified, as a matter of discretion in the interest of justice, by deleting the provision for 90 days' incarceration. As so modified, sentence affirmed, and matter remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to defendant's contention and the People's concession, a sentence of a $500 fine plus five years' probation and 90 days' incarceration for the class E felony of driving while intoxicated was not invalid as a matter of law. The applicable

section of the Vehicle and Traffic Law (§ 1192 [5]) specifically authorizes "a fine of not less than five hundred dollars and such other penalties as are provided in the penal law"; a penalty of probation (with alcohol treatment as a condition) and incarceration are permitted under Penal Law § 60.01 (2); § 65.10 (1), (2).

Nonetheless, while the sentence was not illegal, no useful purpose would be served by the imposition of 90 days' jail time. Defendant's criminal history is solely related to his alcohol involvement, admittedly three alcohol-related driving offenses within only a three-year period. Nevertheless, following his arrest in the instant matter, defendant enrolled for the first time in an alcohol program (Treatment Alternative to Street Crime), which in turn referred him to the Alcoholic Counseling Service of the Mental Health Center of Northeast Nassau. The probation report indicates that according to defendant's counselor, "defendant is cooperative in attending therapy and he displays a positive attitude". A letter from this counselor dated March 18, 1985 states that defendant continues to comply with his treatment, which includes weekly group therapy sessions, a 16-week alcohol education series, individual sessions as needed, weekly AA meetings and alcohol abstinence. Finally, a treatment progress report, sent to the Department of Probation on or about June 18, 1985, indicates that defendant's attitude has improved, that he is more talkative on the subject of his prior alcohol abuse, and that he has completed group therapy, is now being seen individually and will soon begin additional group therapy. The report concludes that "[o]verall client is doing well".

To now impose a period of incarceration on this 25-year-old defendant who has regular employment and has earned 120 credits towards a college degree and to remove him from the alcohol program to which he is responding would only impede his rehabilitation and deprive society of the resources of a redeemable human being. Accordingly, we modify the sentence in the interest of justice by deleting the provision for 90 days' incarceration (see, People v Trujillo, 113 AD2d 851; People v Suitte, 90 AD2d 80). We need only add that violation of the conditions of probation will, of course, subject defendant to incarceration (CPL 410.70; Penal Law § 60.01 [3]). Mollen, P. J., Mangano, O'Connor and Kunzeman, JJ., concur.