OPINION OF THE COURT
Jerome L. Reinstein, J.
Because of a presumably unintentional omission by our Legislature it now appears possible for a person with a less than five-year-old class B misdemeanor conviction who is convicted by a jury of certain class A misdemeanors in the New York City Criminal Court to receive a maximum sen *488 tence of one year, while another person with a less than five-year-old armed violent felony conviction convicted by a jury of the same class A misdemeanor in the Supreme Court could only receive a maximum sentence of six months.
This strange result seems to be an unintended consequence of the recently enacted experimental package of laws designed to reduce the backlog of misdemeanor cases in the State’s largest cities, particularly New York, by eliminating jury trials for less serious misdemeanors committed by first offenders. (See, L 1984, ch 673, eff Nov. 1, 1984; and the memoranda of the State Executive Department, the Legislative Representative of the City of New York, and the Governor approving the bill [1984 McKinney’s Session Laws of NY, at 3405, 3408 and 3632, respectively].)
The so-called "Misdemeanor Reclassification Act” amended Penal Law § 70.15 and CPL 340.40 and added a new section 400.14 to the CPL. Briefly stated, the package created two sentencing categories for class A misdemeanors (some carrying a maximum penalty of one year, the others a maximum penalty of six months), with provision for enhanced punishment (to one year) for those convicted of the less serious misdemeanors who are "second crime offenders” and for defendants pleading to misdemeanors entered in full satisfaction of all felony charges contained in a felony complaint, indictment or superior court information. (See, Penal Law § 70.15; CPL 340.40, 400.14; Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, 1986 Pocket Part, p 254; Bellacosa, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, 1986 Pocket Part, pp 19, 37.)
A second crime offender is defined as one who stands convicted of a class A misdemeanor and who has previously been convicted in this State of a misdemeanor defined in the Penal Law or a felony (or in any other jurisdiction of an offense which would meet such test if committed in this State) and sentenced thereon within five years prior to the commission of the instant class A misdemeanor (excluding periods of incarceration). The second crime offender classification is patterned after the second felony offender statutes (Penal Law § 70.06 and CPL 400.21) with several notable differences: convictions more than five years old (excluding time during incarceration) are not counted as predicates; notice of intention to use the procedure (for determining whether the defendant is a second crime offender) must be filed within 30 days of arraignment of the defendant on an accusatory instrument *489 charging a class A misdemeanor defined in the Penal Law and an appropriate statement of each alleged prior crime conviction (unless waived by a defendant) must be filed before commencement of trial or entry of a guilty plea; and the election to proceed against the defendant as a second crime offender is optional with the District Attorney, rather than mandatory. (Cf. People v Scarbrough, 66 NY2d 673.)
From the foregoing, it appears that there is no present procedure for imposing enhanced punishment on a defendant indicted only for a felony but convicted by a jury of a misdemeanor which now carries a maximum sentence of six months, irrespective of his prior criminal record.
In the instant case the defendant was indicted for grand larceny in the third degree (Penal Law § 155.30 [5]). He was specifically charged with removing a watch from the wrist of a decoy transit policeman who pretended being asleep on a subway car. The arrest was made by several back-up officers within seconds of the theft. The defendant testified in his own behalf and admitted stealing the watch, but said that it was taken from the floor of the car after the decoy officer permitted it to fall from his wrist. Since there was a reasonable view of the evidence that the defendant committed petit larceny rather than grand larceny, both offenses were submitted to the jury. The jury acquitted the defendant of the felony and convicted him of the misdemeanor. Since the maximum sentence for petit larceny is now six months, this appears to be the maximum permissible sentence, despite the fact that this defendant has a four-year-old conviction for armed robbery for which he is currently on parole after serving several years in State prison. To obviate this presumably unintended result, CPL 400.14 should be amended to provide for the filing of a predicate crime offender statement after conviction of a misdemeanor following trial of an indictment which only charges a felony.
Before concluding, it is parenthetically noted that the instant indictment also charged the defendant with criminal possession of stolen property in the third degree, a class A misdemeanor now also carrying a maximum sentence of six months. Accordingly, the District Attorney could have theoretically filed a timely predicate crime offender statement prior to trial. His failure to do so, however, is readily understandable. In the circumstances of this case the misdemeanor count was plainly superfluous. There could be no reasonable view of the evidence that this defendant was guilty of criminal posses *490 sion and not of theft. (Cf. People v Howard, 60 NY2d 999.) Indeed, with the consent of both sides, the criminal possession count was not even submitted to the jury. Additionally, since defendant was indicted for a felony he could not be deprived of a jury trial, which was the primary purpose of the 1984 legislation. (See, Baldwin v New York, 399 US 66.) Finally, although the filing of a second crime offender statement is not a necessary predicate therefor, this defendant could not even have pleaded to a misdemeanor in full satisfaction of the indictment and received a one-year sentence since, as a predicate felon, he could only plead guilty to a felony. (CPL 220.10 [5] [c].)