■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MICHAEL DAMATO, Appellant.—Yesawich, Jr., J.

Appeal, by permission, from a judgment of the County Court of Albany County (Harris, J.), rendered September 9, 1985, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant, a mildly retarded 22-year-old male probationer with a history of minor, nonviolent and essentially larcenous crimes, maintains that his sentence, though lawful, is harsh and excessive.

In March of 1985, defendant was working for a professional basketball team as an assistant in ticket and concession sales. Disturbed by the loss of a playoff game, defendant twice exchanged heated words with one of the players, the second episode occurring in a tavern where defendant had been drinking. He returned home and tried but, troubled by the earlier arguments, was unable to sleep. Then, in an effort to tire himself, he set about walking the steps within the apartment house, in the course of which he spotted keys beneath the door of a neighbor's apartment. With the use of a coathanger, he pilfered them, fleeing when the occupant came to the door. A few moments later, he rang the doorbell to the building to gain entrance and was admitted by the occupant whose keys he had just stolen. Observing defendant standing in the cold wearing only shorts and a T-shirt, she surmised what had occurred and reported defendant to the police. Defendant thereafter entered a counseled plea of guilty to attempted burglary in the second degree and was sentenced to 1½ to 4½ years in prison.

In a presentence report, the Albany County Probation Department observed that defendant, who has a third grade education, was "very immature both physically and emotionally", was ill-suited to incarceration and exceedingly remorseful. Moreover, in the reporter's opinion, the trauma of defendant's confinement at the County Jail, where he allegedly had already been taken advantage of by the predators that prisons not infrequently house, served as a valuable lesson to defendant. As a result, the Probation Department recommended a sentence of probation with strict supervision. References, including his employer, a State Assemblyman and an Army Reserve Brigadier General, attested to his character, an excellent work record and the need for a sentence other than incarceration.

Significantly, the prosecutor does not take issue with defendant's request to have the Probation Department's alternative sentencing suggestion adopted now. Indeed, in a moving argument, he points out that defendant's criminal record is comprised of insubstantial, nonviolent offenses, none of which are jail-time crimes, and, more importantly, that the public safety will not be impaired if defendant is released from confinement. Given defendant's limited mental abilities, his nominal criminal history, an exemplary work record and the fact that this incident of misconduct was not premeditated, we are persuaded that the approach recommended by the Probation Department represented not only fair and effective punishment, but is apt to be more helpful in effecting a salutary behavioral change in this particular defendant than continued imprisonment. A less restrictive deterrent being indicated (see, People v Whiting, 89 AD2d 694; see also, People v Fuller, 59 AD2d 971), in the exercise of our discretion and in the interest of justice, we modify the judgment by reducing the sentence to time already served and placing defendant on probation in accordance with the terms and conditions of the alternative sentencing program outlined in the presentence report and upon such other conditions as the sentencing court may deem appropriate.

Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence imposed in accordance with the terms of this decision; matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.