OPINION OF THE COURT
 

 Per Curiam.
 

 At issue on this appeal is the minimum term of imprison
 
 *152
 
 ment that may be imposed on a persistent violent felony offender whose latest conviction is for a class E violent felony. We conclude that Criminal Term correctly set the minimum at two years.
 

 Pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted criminal possession of a weapon in the third degree, a class E felony, in complete satisfaction of an indictment which had charged actual possession of a .357 Magnum, and in exchange for a persistent violent felony offender sentence of two years to life imprisonment. Criminal Term noted, however, that the persistent violent felony offender statute was unclear as to whether a minimum of two years could be imposed and because of that lack of clarity, questioned whether a persistent violent felony offender sentence was legal. Since other Judges had similarly found the statutory language obscure
 
 (see, e.g., People v Graham,
 
 NYLJ, Dec. 18, 1981, p 7, col 1), Criminal Term urged clarification by the Appellate Division: "I would recommend the appeals bureau of the Legal Aid Society take an appeal so that they can have a definite ruling from the Appellate Division with respect to this most troublesome problem”.
 

 Rather than provide the needed and requested guidance, however, the Appellate Division, First Department, simply affirmed, without opinion. Leave to appeal was granted by a Judge of this court.
 

 Penal Law § 70.08, the statute under which the defendant was sentenced, authorizes persistent violent felony offender treatment where a defendant’s third conviction is for a class E felony. The statute defines a "persistent violent felony offender” as "a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 after having previously been subjected to two or more predicate violent felony convictions” (Penal Law § 70.08 [1] [a]). Penal Law § 70.02, which enumerates the violent felony offenses, designates the crime of attempted criminal possession of a weapon as a class E violent felony offense (Penal Law § 70.02 [1] [d]X
 

 A persistent violent felony offender must be sentenced to an indeterminate sentence having a maximum term of life imprisonment (Penal Law § 70.08 [2]). Although the statute sets forth minimum terms of imprisonment for defendants convicted of a class B, C, or D violent felony, it is silent as to the minimum term for a persistent violent felony offender convicted of a class E violent felony offense.
 

 
 *153
 
 Defendant contends that there is thus a gap in the sentencing scheme, that the judiciary cannot fill the gap because it would usurp the legislative power to prescribe the punishment for crime, and that, therefore, he cannot be sentenced as a persistent violent felon. We disagree.
 

 As observed in
 
 People v Jackson
 
 (106 AD2d 93, 96 [Titane, J. P.]), "[w]hile the substantive power to prescribe the punishment for a criminal offense is exclusively legislative * * * and, if two constructions of a criminal statute are plausible, the one more favorable to the defendant should be adopted in accordance with the rule of lenity * * * the core question always remains that of legislative intent”. Examination of that intent leaves no question that the sentence imposed was proper.
 

 The second violent felony offender statute (Penal Law § 70.04) provides a mandatory maximum sentence of four years and a mandatory minimum sentence of two years for predicate felons convicted of a class E violent felony (Penal Law § 70.04 [3] [d]; [4]). The minimum set forth in Penal Law § 70.04 should logically apply to persistent offenders, as Criminal Term held. Any other construction would impede the legislative intent to permit enhanced sentencing for defendants who persist in committing serious crimes
 
 (see, People v Morse,
 
 62 NY2d 205, 221).
 

 Utilization of the minimum contained in Penal Law § 70.04 is plainly fair to defendants. Such a minimum sentence would be imposed if a defendant was sentenced as a second violent felony offender.
 
 *
 
 But a defendant is given fair warning that the maximum sentence for a persistent violent felony offender, that of life imprisonment, is to be found in Penal Law § 70.08.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur in Per Curiam opinion.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed.
 

 *
 

 Indeed, defendant requests such a resentencing here, which would mean a sentence of two to four years’ imprisonment.