OPINION OF THE COURT
Richard Lee Price, J.
The question presented in this case is whether a seemingly unintended omission by the State Legislature exempts a defendant from the imposition of an enhanced sentence as a second crime offender, irrespective of his prior criminal record.
The defendant was indicted for burglary in the first and second degrees and assault in the second degree (Penal Law § 140.30 [2]; § 140.25 [2]; § 120.05 [6]). At his jury trial the defendant requested that a charge on the lesser included offense of criminal trespass in the second degree (Penal Law § 140.15) be submitted to the jury for its consideration. Since there was a reasonable view of the evidence that the defendant could have committed the lesser included offense rather than the burglary, the uncharged crime was submitted in addition and in the alternative to the charged crimes (see, CPL 300.50 [1], [2]). (The charged crime of assault in the second degree was not submitted to the jury.) The defendant was acquitted of the felonies of burglary and convicted of the misdemeanor of criminal trespass in the second degree.
Defense counsel waived all presentence time periods and requested the immediate sentencing of defendant. He opposed as untimely the People’s application for an adjournment in order to file a "second offender” statement, which, based upon defendant’s prior criminal record, could enhance the sentence imposed.
The court granted defendant’s request and sentenced defendant to 10 months’ incarceration. Defense counsel made no objection at that time to the legality of the sentence.
Defense counsel now moves by an order to show cause to set aside the 10-month sentence as an illegally imposed sentence. Counsel claims that the misdemeanor offense, of which defendant was convicted, carries a maximum penalty of six months’ *16 incarceration. It may be enhanced up to one year for second crime offenders, of which defendant is allegedly one, only if the People comply with the statutory provisions for sentencing second crime offenders. Since the People failed to file a statement of prior convictions before commencement of trial, they violated the sentencing procedure. Hence, counsel argues, defendant must be excepted from second crime offender treatment . and sentenced to a maximum penalty of six months’ incarceration.
The People move by cross motion to set aside the sentence imposed and resentence the defendant as a second crime offender. The People claim that the statutory requirement of filing a statement prior to trial as set forth in CPL 400.14 (4) does not apply to this defendant who was charged only with felonies because, by its terms, the statute applies to second crime offenders charged with a "six-month” class A misdemeanor. The People allege, nevertheless, that the Legislature intended to impose an enhanced sentence on second offenders who stand convicted of a "six-month” misdemeanor. Thus, the omission which renders the statute inapplicable to one such as this defendant is a defect which, the People contend, may be cured by this court.
Upon submission of these arguments I make the following conclusions of law.
LAW
In 1984, Penal Law § 70.15 redefined the maximum definite sentence of imprisonment available for class A misdemeanors. The amendment divided class A misdemeanors into two categories. For misdemeanors in the first category the authorized definite sentence is up to one year. For misdemeanors in the second category, one of which defendant stands convicted, the authorized definite sentence is up to six months.
The reason for this amendment was to facilitate the processing of misdemeanor cases in New York City criminal courts by placing a limit of six months’ imprisonment on certain misdemeanors in order to obtain the constitutional authority to require a single Judge trial in lieu of a jury trial (see, L 1984, ch 673, eff Nov. 1, 1984; Governor’s mem, 1984 McKinney’s Session Laws of NY, at 3632).
Part of this misdemeanor reclassification legislation, however, includes recidivistic sentencing provisions (CPL 400.14) whereby a defendant who has a less than five-year-old prior *17 criminal conviction may receive enhanced punishment, up to one year, for a crime that would otherwise carry a definite sentence of six months. Since this restores the accused’s constitutional right to trial by jury, this statute contains a detailed notice requirement for informing such a defendant that the prosecutor intends to proceed against him as a "second crime offender” (CPL 400.14 [5]). The use of this recidivist sentencing statute is entirely at the option of the prosecutor and perhaps for that reason, blunts its potential for increasing the number of jury trials.
According to the statute, when the prosecutor elects to proceed against a defendant as a "second crime offender” he must, except by a waiver of defendant, file a statement setting forth the predicate crimes of which defendant was convicted (CPL 400.14 [4]). This statement must be filed before commencement of trial upon the misdemeanor charge or entry of a plea of guilty to a misdemeanor.
In addition, the notice provision provides that where a defendant pleads guilty to a "six-month” misdemeanor that has been reduced from a felony complaint, the District Attorney may apply for an adjournment at the time of reduction on the ground that he or she intends to file a second crime offender statement. In such case the court must adjourn the proceedings for a period of 15 days to afford the District Attorney a reasonable opportunity to obtain the information required for the statement (CPL 400.14 [5]). However, where a defendant is convicted of a "six-month” misdemeanor following a trial upon a felony indictment, there is no provision for such adjournment. The People contend that they should be afforded the same opportunity to apply for an adjournment at the time of conviction as they are afforded at the time of reduction. This court finds merit in the People’s contention since the two situations are analogous. In the former, the defendant charged with a felony ultimately enters a plea of guilty to a "six-month” misdemeanor. In the latter, as in the case at bar, the defendant charged with a felony ultimately stands convicted of a "six-month” misdemeanor. Only by permitting the People to apply for an adjournment following defendant’s felony trial and misdemeanor conviction can the People comply with a statute whose application was unanticipated.
The notice provision and the alleged inapplicability of the statute to one such as defendant was considered in the case People v Kirkland (131 Misc 2d 487 [Sup Ct, Bronx County *18 1986]). The Honorable Jerome L. Reinstein opined that the law should be amended to provide for the filing of a predicate crime offender statement after conviction of a "six-month” misdemeanor following trial upon an indictment which charges a felony. Justice Reinstein concluded, however, that since under the present statute there is no applicable procedure for filing a second offender statement, he lacked authority to sentence defendant as a second crime offender.
The People now argue that under the authority of People v Green (68 NY2d 151 [1986]), decided after People v Kirkland (supra), an amendment is not necessary to correct the omission.
In Green, the court stated that the judiciary would not be usurping the Legislature’s authority by prescribing a sentence where there is a gap in the sentencing scheme. The court ruled that the lower court may adopt an interpretation that is fair to the defendant and in accordance with legislative intent since " 'the core question always remains that of legislative intent’ ” (People v Green, supra, p 153).
The intent of the Misdemeanor Reclassification Statute is to relieve congestion in the courts by creating a class of misdemeanors carrying a maximum sentence of six months, thereby reducing the number of mandatory jury trials. At the same time, the Legislature recognized that public safety not be jeopardized by the imposition of excessively lenient sentences for repeat offenders (see, Penal Law § 70.15 [1] [d]). The Executive Department memorandum specifically asserted that "[p]ublic safety requires * * * that repeat criminals be liable for a sentence in excess of six months” (see, State Executive Dept mem; see also, Legislative Representative of City of New York mem, and Governor approving the bill in 1984 McKinney’s Session Laws of NY, at 3405, 3408 and 3632). The statute effectively and fairly serves these two interests by providing that repeat criminals charged with a class A misdemeanor be liable for a sentence in excess of six months (see, Penal Law § 70.15 [1] [d]). The integrity of the statute would surely be undermined if a court is precluded from imposing enhanced punishment on a repeat offender such as defendant.
With respect to the filing requirement (CPL 400.14 [4]), the intent there is to give notice to an alleged repeat offender charged with a "six-month” misdemeanor that he has a right to a jury trial and that he may receive a year imprisonment. The defendant at bar, like any defendant charged with a *19 felony, is given notice that he faces in excess of one-year imprisonment and has the right to a jury trial. This defendant was, in fact, tried before a jury and convicted by a jury. The intent of the notice statute has therefore been satisfied. This defendant cannot complain, therefore, that his rights were violated by the absence of a pretrial filing. Furthermore, a posttrial filing in no way deprives a defendant of any rights. The defendant is protected by procedures through which he can challenge the allegations in the "second offender” statement, and the constitutionality of his previous conviction (see, CPL 400.14 [6], [7], [8], [9]). Moreover, a defendant classified a second crime offender will not automatically receive one year in jail. The statute does nothing to disturb the sentencing Judge’s full discretion to select whatever sentence seems appropriate. This court concludes that a posttrial filing is fair to defendant and in accordance with legislative intent as mandated by People v Green (supra).
For the reasons stated above, the defendant’s motion is denied and the People’s cross motion is granted to the extent that they may file a second offender statement within 15 days from the date of this order. A new date for possible resentencing shall be January 30,1987, 2:00 p.m., Part 47.