■■■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DALE E. HARP, Respondent.—Order unanimously affirmed. Memorandum: Defendant was charged in a two-count indictment with committing the crimes of grand larceny in the third degree (a class E felony) and petit larceny (a class A misdemeanor). The jury found defendant guilty of the petit larceny, and he was sentenced to serve a one-year term of imprisonment. Defendant moved, pursuant to CPL 440.20, to set aside the sentence on the ground that it was invalid. He argued that since the People had not filed a second crime offender statement pursuant to CPL 400.14, and he had not waived such a filing, the maximum sentence that could be imposed under Penal Law § 70.15 was six months. The court granted the motion and instructed the People to prepare a transport order returning defendant for resentencing. The People appeal and we now affirm.

Penal Law § 70.15 creates two sentencing categories for class A misdemeanors; one set of misdemeanors is punishable by a definite sentence not to exceed one year, and the other set by a definite sentence of up to six months. Petit larceny is in the latter category. The statute further provides for enhanced punishment (to one year) for those convicted of the "six month misdemeanors" who are "second crime offenders" and for those pleading to such a misdemeanor in satisfaction of felony charges contained in a felony complaint, indictment, or superior court information (Penal Law § 70.15 [1] [d], [e]; CPL 400.14; *People v Kirkland,* 131 Misc 2d 487).

The procedure for determining whether a person is a second crime offender is set forth in CPL 400.14. Use of the procedure is at the option of the prosecutor *(cf., People v Scarbrough,* 66 NY2d 673), but when a prosecutor elects to proceed against "a defendant charged with a class A misdemeanor defined in the penal law * * * the prosecutor *must,* except upon a waiver by the defendant, file a statement, *before* commencement of trial or entry of a plea of guilty, setting forth the date and place of

each alleged predicate conviction" (CPL 400.14 [4] [emphasis added]).

Here, the indictment charged defendant with a class A misdemeanor and the prosecutor did not file a predicate conviction statement before commencement of trial as required by the statute. No provision is made in CPL 400.14 authorizing the prosecutor to file such a statement after a verdict or plea is entered. Accordingly, the maximum sentence which could have been imposed upon defendant was six months and thus the court properly vacated the one-year term of imprisonment previously imposed. (Appeal from order of Onondaga County Court, Burke, J.—CPL 440.20.) Present— Dillon, P. J., Callahan, Doerr, Boomer and Davis, JJ.