■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLISON ORR, Appellant.—Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Queens

County (Cohen, J.), imposed September 22, 1987, upon her conviction of attempted robbery in the second degree (two counts), and resisting arrest, after a jury trial, the sentence being two concurrent terms of 1 to 3 years' imprisonment, to run concurrent to a definite sentence of one-year imprisonment.

Ordered that the sentence is modified, on the law, and as a matter of discretion in the interest of justice, by reducing the term of one-year imprisonment upon the defendant's conviction of resisting arrest to a term of six months' imprisonment and by reducing the two concurrent terms of 1 to 3 years' imprisonment to two concurrent terms of six months' imprisonment to run concurrently with and as a condition of two concurrent terms of five years' probation; as so modified, the sentence is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 410.10.

The crimes of which the defendant stands convicted were committed on February 16, 1986. As of November 1, 1984, the law was changed establishing six months' incarceration as the maximum jail sentence for class A misdemeanors, except for certain designated crimes (Penal Law § 70.15 [1]). Resisting arrest is a class A misdemeanor and was not included among the designated exceptions (see, Penal Law § 70.15 [1] [b]). Therefore, the one-year term of imprisonment imposed for that crime in this case was illegal (see, People v Higgins, 108 AD2d 642). Accordingly, the defendant's sentence on the conviction for resisting arrest is reduced to a term of six months' imprisonment.

The remaining terms of imprisonment are modified, in the interest of justice, by reducing them to six months' imprisonment to run concurrent with and as a condition of two concurrent terms of five years' probation. The defendant, a 27-year-old woman with a young child, has no prior convictions other than one conviction for disorderly conduct, a violation. Her involvement in the instant offense is related to drug abuse. However, after her arrest in this case, she enrolled in in-patient detoxification and drug counseling programs. After her completion of those programs, she voluntarily joined Narcotics Anonymous and avoided any further involvement with drugs. She also obtained gainful employment as a typist in a law firm, and the record contains impressive letters of recommendation from her employer and other members of the community. Furthermore, the presentence report prepared by

the Department of Probation did not recommend incarceration (see, People v Damato, 120 AD2d 780, 781).

The defendant has shown that she has the potential for becoming a responsible contributing member of society. A six-month period of incarceration is sufficient under these circumstances to impress upon the defendant the seriousness of her conduct. Incarceration and separation from her daughter beyond that period will not advance the goal of rehabilitation and is unnecessary for the protection of the public (see, Penal Law § 65.00; People v Ladyzinski, 114 AD2d 909, 910; People v Falsetta, 101 AD2d 867), while a five-year probationary period would more effectively help achieve those worthwhile aims. Accordingly, we modify the sentence in the interest of justice and remit this matter to the Supreme Court, Queens County, for further proceedings pursuant to CPL 410.10. We recommend that continued abstinence from drug use and participation in Narcotics Anonymous or some other appropriate drug counseling program be included among the conditions of the five-year probationary period. Mollen, P. J., Mangano, Thompson and Spatt, JJ., concur.