■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR REYES, Appellant.—Judgment of the Supreme Court, Bronx County (Richard Lee Price, J.), rendered July 15, 1987, convicting the defendant, after a jury trial, of criminal trespass in the second degree and sentencing him to a definite term of imprisonment of one year, affirmed.

The defendant was originally sentenced to a term of 10 months, and he moved to vacate the sentence since the maximum permissible was six months, pursuant to Penal Law § 70.15 (1). The prosecutor cross-moved to sentence the defendant as a second crime offender, which motion the court had originally denied. The cross motion was granted, and the defendant was sentenced to one year.

The dissent contends that vindictiveness played a part in the increase in the sentence. (See, North Carolina v Pearce, 395 US 711.) The point is misconceived. Once the second offender provision is invoked, the enhancement of sentence is proper. There is no constraint against it. (Cf., Matter of Kisloff v Covington, 141 AD2d 319.)

The defendant knew he could be subject to a second crime offender contention. (Cf., People v Green, 68 NY2d 151, 153.) Concur—Kupferman, J. P., Ross, Kassal and Smith, JJ.

Rosenberger, J., dissents in a memorandum as follows: I dissent and would modify the judgment to the extent of reducing the sentence from a definite term of 12 months' incarceration to a definite term of 10 months' incarceration.

The defendant was indicated, charged with burglary in the first degree, burglary in the second degree, and assault in the second degree. There was a jury trial, at the conclusion of which the court submitted to the jury the charges of burglary in the first degree, burglary in the second degree, and criminal trespass in the second degree. The assault charge was not submitted to the jury. The defendant was acquitted of both burglary counts and convicted of criminal trespass in the second degree. At the time of sentence the People sought an opportunity to file a second crime offender statement (CPL 400.14). The court denied the District Attorney's request and proceeded to sentence the defendant to a term of 10 months' incarceration. The defendant subsequently moved, pursuant to CPL 440.20, to vacate the sentence since the maximum permissible sentence for the crime of which he was convicted was six months' incarceration (Penal Law § 70.15 [1]). The prosecutor cross-moved, asking the court to sentence the defendant as a second crime offender (CPL 400.14). The court granted the

People's cross motion, allowing 15 days for the filing of a second offender statement, and then sentenced the defendant to 12 months' incarceration.

Initially, the court apparently felt that it had the authority to setnence the defendant to a maximum term of 12 months' incarceration, but imposed a sentence of only 10 months. When the defendant moved for resentence, pointing out the illegality of the sentence imposed, the court permitted the prosecutor to file the second offender statement, which it had earlier refused him the opportunity to file. The defendant's sentence was thereupon increased by 20%.

In *North Carolina v Pearce* (395 US 711 [1969]), the Supreme Court held that vindictiveness against a defendant who has successfully attacked a judgment of conviction may play no part in a subsequent resentencing, since the fear of such vindictiveness may unconstitutionally deter the defendant's exercise of his right to appeal or collaterally attack a judgment of conviction. In that case, it was held that, in order to assure the absence of vindictive motivation, upon resentencing the reasons for any sentence harsher than that originally imposed must affirmatively appear. "Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal." *(North Carolina v Pearce, supra,* at 726.)

In *People v Williams* (34 NY2d 657, 658 [1974]), the Court of Appeals dealt with the resentence which increased the original sentence imposed, not after successful appeal and retrial, but, as here, after successful collateral attack. The court stated *(supra,* at 658): "The possibility of a resentence with a longer maximum term would discourage a prisoner from pursuing a collateral attack on his sentence, however benevolent the purpose of the resentence * * * Absent postjudgment conduct by a prisoner meriting a more severe sentence, one should not be imposed."

Since in the instant case, the court gave no reason for increasing the defendant's sentence, and no postjudgment conduct by the defendant meriting an increased sentence appears, I believe that a modification of the sentence imposed to the 10 months originally imposed is the only appropriate result. *[See,* 133 Misc 2d 174.]