OPINION OF THE COURT
Harold Fertig, J.
Defendant was charged with robbery in the second degree, grand larceny in the fourth degree, criminal possession of a weapon in the fourth degree and resisting arrest under indictment No. 3797/89. After trial, defendant was acquitted of the top three counts and convicted of the fourth count, resisting arrest, a class A misdemeanor.
On the date of sentencing, defendant argued that the court, *1060 if it were so inclined, could not sentence defendant to anything beyond six months in jail, citing CPL 400.14 and Penal Law § 70.15 (1) (d). Defendant states that he was not served with a second crime offender statement (CPL 400.14 [4]). He does concede receiving a predicate felony statement putting him on notice of a prior felony conviction. This notice was served prior to commencement of trial. Defendant’s position is that there should be a separate second crime offender statement to meet the requirements of CPL 400.14 other than the predicate felony statement which was served pursuant to CPL 400.15.
In People v Vasquez (NYLJ, May 16, 1988, at 17, col 4), relied upon by defendant, the court explains the Misdemeanor Reclassification Act (L 1984, ch 673) which reduced maximum sentences on some class A misdemeanors to six months so as to enable the court to conduct "bench trials” rather than jury trials for those crimes. This was done for reasons of judicial economy as trials of crimes punishable by not more than six months’ imprisonment must be by a single-Judge (bench) trial (see, CPL 340.40 [2]) rather than by jury trial (see, Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 70.15, at 296). As this court pointed out to defendant, the basic purpose of the notice of CPL 400.14 is to inform defendant that he faces a possible one-year sentence and, therefore, has a right to a trial by jury. Defendant also cites People v Orr (138 AD2d 416) and People v Harp (134 AD2d 936). In all of the cases cited by the defendant, either no notice was given or the notice was not served timely. Accordingly, they are all distinguishable.
The statute (CPL 400.14) states that the People must file a statement before commencement of trial setting forth the date and place of each alleged predicate crime conviction. No form or specific wording of such a statement is set forth in the statute. The defendant had been served with a statement, prior to trial, pursuant to CPL article 400 which sets forth two crimes, criminal possession of a weapon in the third degree and robbery in the second degree, as well as the dates of the sentences on each.
The court finds that the statement that was filed and which the defendant has admitted was served on him prior to the commencement of the trial complies with requirements of *1061 CPL 400.14 (4), in that it serves all of the requirements of necessary information to be given a defendant. Accordingly, the court finds that the defendant has been served with notice pursuant to CPL 400.14 and can be sentenced to a one-year term.