*244 OPINION OF THE COURT
Harold J. Rothwax, J.
The defendant herein was indicted for the felonies of robbery in the first and second degrees (Penal Law §§ 160.15, 160.10) and grand larceny in the fourth degree (Penal Law § 155.30 [5]). The defendant was acquitted, after trial by jury, of all felony counts but was convicted of petit larceny (Penal Law § 155.25), a class A misdemeanor submitted to the jury as a lesser offense included within the grand larceny charge. Following defendant’s conviction, the District Attorney moved, for the first time, that defendant be sentenced as a second crime offender pursuant to Penal Law § 70.15 (1) (d). Even though the sentence authorized for petit larceny is generally limited to six months (Penal Law § 70.15 [1] [a]), the section invoked by the prosecution would permit a sentence of up to one year, in light of defendant’s recent previous convictions for other crimes. Defendant contends that she cannot be sentenced as a second crime offender because the District Attorney failed to "file a statement, before commencement of trial * * * setting forth the date and place of each alleged predicate crime conviction” (CPL 400.14 [4]).
In support of this contention, defendant cites People v Kirkland (131 Misc 2d 487 [Sup Ct, Bronx County 1986]), in which the court held that there is "no present procedure [under CPL 400.14] for imposing enhanced punishment on a defendant indicted only for a felony but convicted by a jury of a misdemeanor which now carries a maximum sentence of six months” (131 Misc 2d, at 489). The Kirkland court suggested that "CPL 400.14 should be amended to provide for the filing of a predicate crime offender statement after conviction of a misdemeanor following trial of an indictment which only charges a felony” (supra, at 489).
In contrast, the defendant moves the court to disregard a recent holding of the Appellate Division in this department in People v Reyes (141 AD2d 433 [1st Dept 1988]), to the effect that a defendant, charged exclusively with felonies but convicted by jury verdict of a lesser included class A misdemeanor, who was sentenced pursuant to Penal Law § 70.15 (1) (d) upon the prosecutor’s motion filed after the jury verdict, was legally sentenced to a one-year term. Although as defendant points out, the issue presented here and in Kirkland (supra) was not explicitly discussed by the appellate court, it was necessarily decided when the court declared the sentence *245 therein to have been imposed lawfully. (Cf., People v Harp, 134 AD2d 936 [4th Dept 1987].)
This court finds, in accord with Reyes (supra) that the provision (CPL 400.14 [4]) cited by the defendant and by the court in Kirkland (supra) was never intended by the Legislature to apply in instances where the defendant is prosecuted upon an accusatory instrument which includes only felony counts and is not subsequently reduced or otherwise amended prior to trial. This conclusion is compelled by a careful reading of the wording of the statute, in light of the purpose for which it was enacted.
THE STATUTE
Penal Law § 70.15 (1) and CPL 400.14 were enacted as part of the Misdemeanor Reclassification Act of 1984 (L 1984, ch 673) to "facilitate the processing of misdemeanors in New York City Criminal Court and [other] City Courts * * * by placing the limit of six-months imprisonment on certain misdemeanors in order to obtain the constitutional authority to require in those jurisdictions a single judge trial, in lieu of a jury trial, for those crimes”. (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 70.15, at 299 [1987 ed].) Insofar as the constitutional right to trial by jury is reserved for serious offenses for which a sentence of incarceration of six months or more is authorized (Matter of Morgenthau v Erlbaum, 59 NY2d 143, 154 [1983]), the Legislature exempted all class A misdemeanors, save those enumerated in Penal Law § 70.15 (1) (b) and (c) or defined outside of the Penal Law (Penal Law § 70.15 [1] [a]), from trial by jury simply by limiting the maximum sentence authorized for class A misdemeanors to six months. At the same time, the Legislature provided that a sentence in excess of six months might be imposed for any class A misdemeanor under two conditions: where the sentence is imposed pursuant to a plea of guilty in satisfaction of a felony charge (Penal Law § 70.15 [1] [e]), or where the person sentenced is "a second crime offender as defined in subdivision one of section 400.14 of the criminal procedure law”. (Penal Law § 70.15 [1] [d].) Petit larceny is a class A misdemeanor, defined in the Penal Law (Penal Law § 155.25) not enumerated in Penal Law § 70.15 (1) (b) or (c). Accordingly, unless the defendant may properly be adjudicated a second crime offender under CPL 400.14 (1), the authorized sentence in this case may not exceed six months.
*246 CPL 400.14 authorizes a sentence of up to one-year incarceration pursuant to Penal Law § 70.15 in the following terms: "2. Authorized sentence. A court may impose a definite sentence of imprisonment in accordance with paragraph (d) of subdivision one of section 70.15 of the penal law, if the conviction is based upon a verdict by a jury or if the defendant has waived his right to a trial by jury, as a condition of plea or otherwise, when the court has found, pursuant to either subdivision seven or paragraph (d) of subdivision nine of this section that a person is a second crime offender.”
A second crime offender is defined as "a person who stands convicted of a class A misdemeanor defined in the penal law after having previously been subjected to one or more predicate crime convictions” (CPL 400.14 [1] [a]). The subdivisions cited in the "authorized sentence” subdivision provide that a finding of second crime offender status may be made by the court either upon uncontroverted allegations "in the [prosecutor’s] statement” of predicate crimes (CPL 400.14 [7]) or after a hearing establishing the allegations contained in such statement beyond a reasonable doubt. (CPL 400.14 [9].)
The notice provision relied upon by the defendant and by the court in Kirkland (supra) is not contained in either subdivision incorporated into the "authorized sentence” subdivision. The notice provision is contained in subdivision (4) which is explicitly limited to instances where "a defendant charged with a class A misdemeanor defined in the penal law” appears to be eligible for second crime offender treatment, and the prosecutor must ffelect” whether or not to proceed against the defendant as a second crime offender. (CPL 400.14 [4] [emphasis added].) In such instances, the defendant’s right to trial by jury and the maximum potential sentence which might be imposed depend upon the determinations whether the defendant has committed predicate offenses and whether the prosecutor elects to invoke the enhanced punishment procedures. It is essential, therefore, to know in such cases "before commencement of trial or entry of a plea of guilty”, how the prosecution elects to proceed and upon what basis lies the claim that the accused is subject to enhanced punishment and, consequently, is entitled to trial by jury (CPL 400.14 [4].)
Where a defendant is charged with nothing less than offenses of felony degree, it follows that such defendant will receive a trial by jury (CPL 260.10) and may be incarcerated, upon conviction, for more than six months. In such instances the defendant has received, by dint of indictment, all of the *247 procedural protection that CPL 400.14 (4) devises prior to trial for those charged by misdemeanor information, in the form of notice of exposure to extended incarceration and the right to trial by jury. Therefore, no purpose is served by requiring notice "before commencement of trial” (CPL 400.14 [4]) that such a defendant, if convicted solely upon a lesser included nonenumerated class A misdemeanor defined in the Penal Law (Penal Law § 70.15 [1] [a]; CPL 300.50) may be subject to incarceration for more than six months as a second crime offender. That the Legislature contemplated, in these circumstances, a sentence in excess of six months even absent pretrial notice of second offender status, is apparent from the statutory scheme where a defendant is charged by felony complaint and pleads to an included class A misdemeanor, a sentence of up to one year is specifically authorized. (Penal Law § 70.15 [1] [e].) Notice of intention to proceed under the second crime offender statute is not required upon a felony complaint unless and until such complaint is reduced to "an accusatory instrument charging a class A misdemeanor defined in the penal law” (CPL 400.14 [5] [emphasis added]). Clearly if such notice were required whenever a defendant might be subject to enhanced punishment as a result of conviction after jury trial of a class A misdemeanor included within felony charges, then this provision of the statute would be superfluous. It is a basic canon of statutory interpretation that "all parts of an enactment shall be harmonized with each other as well as with the general intent of the whole enactment, and meaning and effect given to all provisions of the statute”. (McKinney’s Cons Laws of NY, Book 1, Statutes § 98 [a].)
Accordingly, this court holds that insofar as the defendant was not charged with a class A misdemeanor; received a trial by jury upon the indictment; and was at all times aware that she might be sentenced, if convicted, to a period of incarceration in excess of six months, CPL 400.14 (2) authorizes such a sentence even though no notice of second crime offender status was given prior to trial on the indictment. (See, People v Reyes, 141 AD2d 433, supra.) People v Harp (134 AD2d 936 [4th Dept 1987]) is not to the contrary, since the defendant there was charged in the indictment with a nonenumerated class A misdemeanor as to which the maximum authorized sentence, absent second offender status, was six months.
Pursuant to CPL 400.14 (2) and (3), the court orders the District Attorney to file within 15 days a second crime of *248 fender statement setting forth the date and place of each alleged predicate crime conviction and any periods of incarceration alleged to toll the five-year period of limitation upon the use of such predicate convictions (CPL 400.14 [1] [b]). If the defendant contests the allegations therein, the court will conduct a hearing to determine whether defendant is eligible for sentence in excess of six months, as a second crime offender (CPL 400.14 [9]).