(December 12, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SUSAN M. SILVERMAN, on Behalf of EMANUEL FORTUNE, Petitioner, v ALLYN R. SIELAFF, Respondent.—Writ of habeas corpus for the release of Emanuel Fortune on the ground that he has been detained awaiting trial and sentence on indictment No. 2489/ 90, for a period longer than that to which he could be

sentenced upon his conviction of criminal possession of stolen property in the fifth degree, upon a jury verdict.

Upon the papers filed in support of the application and and the papers submitted in opposition thereto, and after hearing oral argument in support thereof, it is

Adjudged that the writ is sustained, without costs or disbursements, and the respondent is directed to release Emanuel Fortune forthwith.

Emanuel Fortune was arraigned in the Criminal Court of the City of New York, Queens County, on April 27, 1990, charged with the felonies of burglary in the third degree and criminal mischief in the third degree, and the class A misdemeanor of criminal possession of stolen property in the fifth degree, and was committed to the Department of Corrections of the City of New York for detention upon his failure to post $1,000 bail. Subsequently, he was arraigned in Supreme Court, Queens County, on indictment No. 2489/90, embodying those charges, and, between November 21 and 28, 1990, was tried on the indictment before Justice Cohen and a jury. The jury acquitted him of the felony charges but convicted him of criminal possession of stolen property in the fifth degree. After the trial, he moved for his immediate release on the ground that he had already been incarcerated for a period of time longer than that to which he could be sentenced upon that conviction. The trial court agreed to release him pending sentencing if the Assistant District Attorney did not file a second crime offender statement which would enable the court to impose a definite sentence of one-year imprisonment. The Assistant District Attorney gave notice that he would file such a statement, and Emanuel Fortune was remanded to the custody of the New York City Department of Corrections, where he now remains. The second crime offender statement was later filed with the court.

CPL 400.14 (4) states that the prosecutor must, except upon a waiver by the defendant, file a second crime offender statement before the commencement of trial or entry of a plea of guilty. No second crime offender statement was filed prior to the trial on the indictment. Therefore, the maximum permissible sentence upon Emanuel Fortune's conviction of criminal possession of stolen property in the fifth degree is a definite sentence of six months' imprisonment *(see, People v Kirkland,* 131 Misc 2d 487, 489; Penal Law § 70.15; *cf., People v Orr,* 138 AD2d 416, 417). Penal Law § 70.15 (1) (e), which permits the imposition of a definite term of one-year imprisonment, where

a defendant pleads guilty to a misdemeanor charge in satisfaction of a felony complaint or indictment, is not applicable here.

Since Emanuel Fortune has now been incarcerated for more time than the maximum permissible sentence for the crime of which he was convicted, he is being unlawfully detained. Therefore, the writ is sustained. Bracken, J. P., Harwood, O'Brien and Ritter, JJ., concur.