■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN HALL, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered November 16, 1988, convicting him of burglary in the third degree, criminal mischief in the fourth degree, and petit larceny, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Rockland County, for resentencing in accordance herewith.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's challenge of the trial court's ruling permitting the People to elicit testimony regarding a prior consistent statement of a key prosecution witness is without merit. Generally, the testimony of a witness may not be corroborated or bolstered by evidence of prior consistent statements made before trial *(see, People v Davis,* 44 NY2d 269). When, however, the witness's testimony is assailed as a recent fabrication, given under motives of interest or bias, the party calling the witness, in order to rebut that inference, may show that

the witness made statements similar to his trial testimony at some earlier time when he was free from the alleged bias (see, *People v McClean,* 69 NY2d 426; *People v Baker,* 23 NY2d 307). Inasmuch as defense counsel's extensive questioning of the witness Cortese was designed to create the inference that his testimony as to the defendant's admission of his complicity in the burglary was of recent invention, given to obtain leniency from law enforcement officials relative to criminal charges pending against him, the People were properly permitted to elicit from another witness that Cortese had related his conversation with the defendant to him prior to trial.

The sentencing court's order of restitution in the amount of $450 is supported by the record, specifically, the victim's detailed trial testimony regarding his loss, and was, accordingly, appropriate (see, Penal Law § 60.27 [2]; *People v King,* 158 AD2d 972; *People v Welsher,* 154 AD2d 915). The matter must, however, be remitted for resentencing since the trial court failed to pronounce sentence on each count, namely petit larceny and criminal mischief in the fourth degree (see, CPL 380.20; *People v Goddard,* 112 AD2d 379; *People v Richard H.,* 101 AD2d 867).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Thompson, J. P., Eiber, Miller and Ritter, JJ., concur.