Joseph A. Suozzi, J.
By this writ the relator seeks to be released from the Nassau County Jail, where he has been con *147 fined without bail since July 24, 1970, for a violation of parole arising out of an arrest for possession of a rifle.
The factual background is as follows: On January 21, 1966, the relator — who was 16 years old at the time — pleaded guilty before a Judge of the District Court of Nassau County (1) to a charge of assault committed on August 7, 1965, in violation of section 244 (subd. 1) of the former Penal Law; and (2) to a charge of petty larceny for stealing a six-pack of beer having a value of 99 cents on August 17, 1965, in violation of sections 1290 and 1298 of the former Penal Law. After the relator pleaded guilty to the above charges, he was adjudged a youthful offender and thereafter sentenced.
The commitment papers before the court, which purportedly are ‘ ‘ A true extract from the minutes ’ ’, specify that the relator was committed to a reformatory term not to exceed three years on the petty larceny charge, and for a similar term on the assault charge, with the provision that the latter term was to run “consecutively with other charge of this date”. The relator served three years and one month in a reformatory and was then admitted to parole. Ten months thereafter he was imprisoned for an additional nine months for a violation of this parole. After having served this additional period he was again paroled, and three months thereafter, and specifically on July 24, 1970, was recommitted for a violation of parole based upon possession of a rifle. This charge has not been prosecuted by the District Attorney’s office, and in fact was dismissed on October 9, 1970. The reason for the dismissal does not appear from the papers before this court.
The relator, after having been adjudged a youthful offender, has served a total of four years and two months to the present time. Without the benefit of youthful offender treatment, the maximum sentence for the two criminal charges to which he pleaded guilty would have been one year for each charge, or a total of two years. Prior to his first parole the relator had already served 13 months more than this maximum term.
The writ puts in direct issue the legality of imposing upon a youthful offender separate and consecutive sentences for each of the criminal charges to which the relator pleaded guilty. The pertinent language of section 913-m of the Code of Criminal Procedure in effect at the time of the sentencing herein was as follows: “ (3) * * * Commitment hereunder shall be for a period not to exceed three years ”. In opposing this writ the District Attorney points to the absence of any language in the statute restricting the authority of the court to impose consecu *148 five sentences, and argues that the statute can be construed as authorizing consecutive sentences. In this court’s opinion the absence of restrictive language in the statute is as equally consistent with the lack of such authority as it is with its existence.
Before proceeding to the disposition of the issue relating to consecutive sentences, it must be observed that the practice of requiring the relator to plead guilty to the criminal charges before he was granted youthful offender treatment violates the procedure prescribed by title VII-B of part VI of the Code of Criminal Procedure. As explained by the Appellate Division, Second Department, in People v. Towler (30 A D 2d 876): “ the court must determine eligibility for youthful offender treatment solely on the basis of, and at the termination of, investigations, examination and questioning. Once eligibility is determined, the court can require the defendant to enter a plea of 1 guilty ’ or ‘ not guilty ’ to the charge of being a youthful offender. The statute does not give the court the power to require a plea prior to the determination of eligibility or to condition such determination on the "willingness of the defendant to plead guilty or not guilty. To construe the statute otherwise would render it unconstitutional. Depriving a defendant of a constitutional right or requiring him to waive a constitutional right in return for beneficial treatment would ‘ chill the assertion of constitutional rights by penalizing those who choose to exercise them ’ (United States v. Jackson, 390 U. S. 570, 581 ; cf. Nieves v. United States, 280 F. Supp. 994 ; Matter of Gault, 387 U. S. 1).”
“A sentence — the judge’s determination of the punishment to be inflicted on a convicted offender — has two general objectives : deterrence and, especially in modern times, rehabilitation.” (Guides to Sentencing, Advisory Council of Judges of the National Council on Crime and Delinquency [1957], p. 1.) If these objectives cannot be achieved as to a youthful offender within the three-year maximum prescribed by the statute, it is utter fantasy and totally unrealistic to anticipate that these objectives can be achieved by prolonging the commitment.
The sentencing of a youthful offender for a period in excess of the three-year maximum serves only to demonstrate a court’s deep-seated doubts as to the eligibility of a defendant for youthful offender treatment. Such doubts should impel a denial of the application for youthful offender treatment rather than a fortification of this uncertainty by longer sentences by the consecutive sentence method, as was done here. The transcript before the court clearly discloses the sentencing Judge’s doubts *149 as to this relator’s eligibility for youthful offender adjudication.
Adjudication as a “ youthful offender ’ ’ affords the following benefits to a person so adjudicated: “ he would not be denominated a criminal; he would not be disqualified from public office or public employment; he would forfeit no right or privilege; he would not be disqualified from receiving any license granted by public authority; and the determination would not be deemed a conviction and would have no effect upon future multiple offender treatment.” (People v. Towler, supra.) This procedure was designed to give young offenders deserving of .such adjudication an opportunity to be rehabilitated and returned to society without the stigma of a criminal record. Obviously, youthful offender treatment was intended to be a privilege rather than a punishment. Therefore, the imposition-of consecutive sentences, resulting in a much longer period of confinement than would have been the case had the defendant not been given the benefit of youthful offender adjudication, constitutes an illogical and incongruous application of this presumably enlightened procedure and frustrates the basic purpose for which it was adopted.
The court concludes that section 913-m as it existed at the time of the sentencing herein could not conceivably have intended that a person adjudged a youthful offender could be committed for a period in excess of three years. This conclusion is bolstered by the unequivocal statement of the Appellate Division of this Department in the case of People v. Towler (supra) which involved a defendant who had been charged and found guilty after trial of multiple crimes, to wit, robbery and grand larceny in the first degree and assault in the second degree. There the court stated (pp. 876-877): “ Even his sentence to an indefinite reformatory term has a higher maximum under the judgment of conviction than it would have had if he had been adjudged a youthful offender — under the former the maximum is five years’ commitment and under the latter the maximum is three years’ commitment.” (Emphasis supplied.)
Furthermore, to permit consecutive sentences in the case of youthful offenders is to deny to them the protection accorded to young adults in section 75.10 (subd. 2, par. [a.]) of the Penal Law, which provides in part that “ When more than one reformatory sentence of imprisonment is imposed on a young adult at the same time * * * the periods of the sentence shall run concurrently”. (Emphasis supplied.)
It must be observed, too, that section 913-m of the Code of Criminal Procedure was recently amended (eff. Sept. 1, 1969) *150 to provide that the determination of the period of sentence for persons adjudicated as youthful offenders “ shall be governed by the provisions that would be applicable in the case of a sentence imposed upon a conviction for the criminal act for which the person was adjudicated as a youthful offender.” Under this provision the relator herein could not have been sentenced for a period of more than two years for the acts to which he pleaded guilty.
Accordingly, the court concludes that section 913-m of the Code of Criminal Procedure in effect at the time of the sentencing did not authorize consecutive sentences, and that the .sentence imposed herein consecutively was illegal.
It may be that the history of recurring violations of the law by this relator has confirmed the court’s doubts at the time of the adjudication. However, these subsequent offenses could just as readily have been handled by new charges rather than by following the route of violation of parole, as was done here.
Accordingly, this writ is sustained and the respondent is hereby directed to discharge the relator forthwith.