# THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID "H",* Appellant.

Third Department, October 4, 1979

* By the Publisher's Editorial Staff.

---

* Name fictitious for purpose of publication.

## APPEARANCES OF COUNSEL

*Thomas P. Gilhooley* for appellant.

*Robert E. Jones, District Attorney,* for respondent.

## OPINION OF THE COURT

SWEENEY, J. P.

Defendant, age 16, was charged in eight indictments with 17 crimes, including one count of burglary in the third degree, six counts of grand larceny in the third degree, two counts of criminal possession of stolen property in the second degree, one count of criminal possession of stolen property in the third degree, five counts of unauthorized use of a vehicle, one count of conspiracy in the third degree, and petit larceny.

Defendant pleaded guilty to one count of burglary in the third degree, one count of grand larceny in the third degree, one count of criminal possession of stolen property in the second degree, three counts of unauthorized use of a vehicle and one count of conspiracy in the third degree, all in full satisfaction of the eight indictments.

The court granted defendant youthful offender status and sentenced him to two consecutive indeterminate four-year terms of imprisonment for the convictions of burglary in the third degree and grand larceny in the third degree. He was also sentenced to five concurrent one-year terms for the three convictions of unauthorized use of a vehicle, the conviction of conspiracy in the third degree, and the conviction of criminal possession of stolen property in the second degree. The sentence was the result of previous plea bargaining. The chief contention raised by defendant on this appeal is that the court exceeded its authority in sentencing him to two consecutive indeterminate terms of imprisonment as a youthful offender.

A resolution of the controversy requires an examination and analysis of CPL 720.20 and section 60.02 of the Penal Law. CPL 720.20 (subd 1, par [a]) provides, in pertinent part: "If in the opinion of the court the interest of justice would be served by relieving the eligible youth from the onus of a criminal record and by not imposing an indeterminate term of imprisonment of more than four years, the court may, in its discretion, find the eligible youth is a youthful offender".

Section 60.02 of the Penal Law reads, in relevant part:

"Except as otherwise required by section 60.03 for the

youthful offender determined to be a narcotic addict, when a person is to be sentenced upon a youthful offender finding, the court must impose a sentence prescribed by subdivisions two, three or four of section 60.01 for the crime for which the youthful offender finding was substituted; provided, however, that the court must not impose any one of the following sentences:

"(a) An indeterminate term of imprisonment of more than four years".

■ While a literal reading of these two statutes does not appear to proscribe consecutive terms, to impose consecutive indeterminate terms each having a maximum of four years is, in our view, out of harmony with the objective of the Legislature in enacting the youthful offender legislation.

■ ■ These statutes must be considered together to arrive at the true legislative intent. Clearly, these sections reveal an intent that one afforded youthful offender treatment receive a sentence of no more than four years. The mere fact that section 60.02 of the Penal Law uses the language "for the crime" should not, in our opinion, permit consecutive terms each having a maximum of four years where more than one crime is involved. To so interpret this statute is incongruous and frustrates the intent and purpose of the youthful offender legislation. We should not allow the literal meanings of words to defeat the general purpose and manifest policy intended to be promoted (*Matter of Petterson v Daystrom Corp.,* 17 NY2d 32, 38; *Baldine v Gomulka,* 61 AD2d 419, app dsmd 44 NY2d 949). The imposition of two consecutive terms, each with a maximum of four years, is inconsistent with the underlying concept of youthful offender treatment and it is unrealistic to conclude that one eligible for such treatment requires prolonged confinement to achieve the objectives of the legislation. In our view, if one requires imprisonment for more than four years, he is not eligible for youthful offender treatment. The judgment, therefore, should be modified to provide that the sentences run concurrently and not consecutively (*People v Matthew John G.,* 60 AD2d 919).

The judgment should be modified, on the law, by deleting from the sentences imposed on the convictions of burglary in the third degree and grand larceny in the third degree the provision that they should be served consecutively and substituting therefor the provision that they shall run concurrently, and, as so modified, affirmed.

KANE, MAIN, MIKOLL and HERLIHY, JJ., concur.

Judgment modified, on the law, by deleting from the sentences imposed on the convictions of burglary in the third degree and grand larceny in the third degree the provision that they should be served consecutively and substituting therefor the provision that they shall run concurrently, and, as so modified, affirmed.