THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT Z., Appellant.[*]

Third Department, July 23, 1981

APPEARANCES OF COUNSEL

*Carl J. Madonna* for appellant.
*Daniel T. Smith, District Attorney* for respondent.

### OPINION OF THE COURT

SWEENEY, J.

The sole issue raised on this appeal is the validity of the sentence imposed. The facts are not in dispute. Defendant was charged in a three-count indictment by the February, 1980 Grand Jury of Warren County with the crimes of burglary in the second degree, grand larceny in the third degree and criminal possession of stolen property in the second degree, allegedly committed on December 3, 1979. Subsequent thereto, defendant allegedly participated in certain crimes in Saratoga County for which he was also indicted. He entered a plea of guilty in Saratoga County and was sentenced to an indeterminate term with a maximum of four years. Thereafter, on September 9, 1980 in Warren County he pleaded guilty to burglary in the second degree in full satisfaction of the indictment. He was granted

---

[*] Names used herein are fictitious for purposes of publication.

youthful offender status and received an indeterminate term of imprisonment with a maximum of three years, such sentence to run consecutively with any term defendant was then serving.

Defendant urges modification contending that the court exceeded its authority in sentencing him to a consecutive indeterminate term of imprisonment for three years. Such a sentence, he maintains, exceeds the maximum permitted for a youthful offender pursuant to section 60.02 of the Penal Law. We agree. In *People v David "H"* (70 AD2d 205), this court concluded that the imposition of consecutive indeterminate terms each having a maximum of four years was out of harmony with the objective of the Legislature in enacting the youthful offender legislation. At the time the defendant in that case was sentenced, section 60.02 of the Penal Law specifically provided that an indeterminate term of imprisonment of more than four years could not be imposed when a person was to be sentenced upon a youthful offender finding. Our determination was reached upon analysis of CPL 720.20 (subd 1, par [a]) and section 60.02 of the Penal Law *(People v David "H", supra*, p 206). Although the former provision remains unchanged, the latter section was amended (L 1979, ch 411, § 22) so as to now provide, as herein relevant, that the court must impose a sentence authorized to be imposed upon a person convicted of a class E felony (Penal Law, § 60.02, subd [2]). The maximum term for a class E felony may not exceed four years (Penal Law, § 70.00, subd 2, par [e]). The amendment of section 60.02 of the Penal Law, however, does not in any way alter our opinion that the Legislature intended, in the case of youthful offenders, that they not receive a sentence of more than four years. It remains our opinion that if an individual requires imprisonment for more than four years he is not eligible for youthful offender treatment (see *People v David "H", supra*, p 207).

In the present case, the determination granting defendant youthful offender status and then directing that his sentence run consecutively so as to subject defendant, in essence, to a sentence greater than four years, was inconsistent and proscribed by section 60.02 of the Penal Law.

The fact that the prior sentence was imposed by a different court does not necessitate a contrary result. If the trial court was of the belief that defendant required incarceration for a period longer than four years, youthful offender status should not have been granted.

The judgment should be modified to provide that the sentence shall run concurrently and not consecutively with any term defendant was then serving.

MAHONEY, P. J., CASEY, WEISS and HERLIHY, JJ., concur.

Judgment modified, on the law, by providing that the sentence shall run concurrently with any sentence defendant was then serving, and, as so modified, affirmed.