Appellant, James Lee Hastings, age 18, was charged in two indictments with burglary in the first degree and receiving, retaining or disposing of stolen property in the first degree. In each case, he waived trial by jury and requested treatment as a youthful offender under the Alabama *Page 116 
Youthful Offender Act, §§ 15-19-1, et seq., Code of Alabama 1975. After an appropriate hearing, the trial court granted him youthful offender status. He was arraigned as a youthful offender and pleaded not guilty in each case. After consolidation, the cases were tried before the trial court, without the intervention of a jury, and appellant was found guilty of the offenses charged in the indictments. The trial court sentenced appellant, as a youthful offender, to two consecutive three-year terms of imprisonment.
The main contention raised by appellant is that the trial court exceeded its authority in sentencing him to two consecutive three-year terms of imprisonment as a youthful offender. Such a sentence, he maintains, exceeds the maximum permitted for a youthful offender under § 15-19-6(a)(4). We agree.
The pertinent language of § 15-19-6 is as follows:
 "(a) If a person is adjudged a youthful offender and the underlying charge is a felony, the court shall:
". . .
 "(4) Commit the defendant to the custody of the board of corrections for a term of three years or a lesser term."
In Ex parte Jackson, 415 So.2d 1169 (Ala. 1982), the Alabama Supreme Court, in an opinion authored by Justice Beatty, concluded that the imposition of consecutive sentences of probation where the effect of the sentence would exceed the three years allowed under § 15-19-6(a)(2), would thwart the intention of the legislature. The court held that §15-19-6(a)(2), which provides that a youthful offender could be placed on probation for a period not to exceed three years, establishes the maximum probationary sentence or period allowable for a youthful offender. The court stated that if a defendant had been convicted simultaneously of two separate felonies and placed under sentences of probation, the probationary time could not exceed three years. We find Exparte Jackson analogous to the case now before us, and its reasoning is applicable to the instant facts and law under consideration. See Wilson v. State, 417 So.2d 627 (Ala.Cr.App. 1982).
In construing the Youthful Offender Act in such a way as to carry out what we believe to be the true legislative intent and with due deference to our supreme court's opinion in Ex parteJackson, we find that § 15-19-6(a)(4) establishes a maximum sentence of imprisonment for a youthful offender of three years. Consecutive sentences totalling more than three years, as ordered in the instant case, would be an incongruous interpretation of the statute and would frustrate the intent and purpose of the Act. We cite, with approval, People ex rel.Fitzgibbons v. Krueger, 66 Misc.2d 146, 320 N.Y.S.2d 574,576-77 (Sup.Ct. 1970):
 " 'A sentence — the judge's determination of the punishment to be inflicted on a convicted offender — has two general objectives: deterrence and, especially in modern times, rehabilitation.'. . . . If these objectives cannot be achieved as to a youthful offender within the three-year maximum prescribed by the statute, it is utter fantasy and totally unrealistic to anticipate that these objectives can be achieved by prolonging the commitment.
 "The sentencing of a youthful offender for a period in excess of the three-year maximum serves only to demonstrate a court's deep-seated doubts as to the eligibility of a defendant for youthful offender treatment. Such doubts should impel a denial of the application for youthful offender treatment rather than a fortification of this uncertainty by longer sentences by the consecutive sentence method. . . .
". . .
 ". . . . This procedure was designed to give young offenders deserving of such adjudication an opportunity to be rehabilitated and returned to society without the stigma of a criminal record. Obviously, youthful offender treatment was intended to be a privilege rather than a punishment. Therefore the imposition of consecutive sentences, resulting in a much longer period of confinement than would have been the case had the defendant *Page 117 
not been given the benefit of youthful offender adjudication, constitutes an illogical and incongruous application of this presumably enlightened procedure and frustrates the basic purpose for which it was adopted. [Citation omitted]."
See also Lane v. State, 470 So.2d 30 (Fla.Dist.Ct.App. 1987); People v. Vincent Z., 82 A.D.2d 165, 442 N.Y.S.2d 612
(1981); People v. David H., 70 A.D.2d 205, 420 N.Y.S.2d 519
(1979); People v. Matthew John G., 60 A.D.2d 919, 401 N.Y.S.2d 575
(1978). But see Allen v. State, 515 So.2d 256 (Fla. Dist. Ct. App. 1987), quashed in part, 526 So.2d 69 (Fla. 1988);Harmon v. State, 397 So.2d 1218 (Fla.Dist.Ct.App. 1981). (The conflict in the Florida district court decisions was certified to the Florida Supreme Court, and the conflict resolved by following Lane v. State; however, as of the date of this opinion, the Florida Supreme Court opinion has not been released for publication in the permanent law reports and is subject to revision and withdrawal).
In the instant case, the court exceeded its powers by ordering that appellant's sentences run consecutively, for this order subjected appellant, in essence, to a sentence greater than three years. If the trial court was of the belief that appellant required incarceration for a period longer than three years, youthful offender status should not have been granted. The judgment of the lower court, therefore, should be modified to provide that the sentences run concurrently and not consecutively.
Appellant questions the sufficiency of the state's evidence as it relates to the charge of receiving stolen property in the first degree. He raised the question of sufficiency of evidence by a motion to exclude upon the close of the state's case. The motion was denied. He argues that the state failed to prove that he was in possession of, or had received, or concealed a stolen vehicle. He also argues that the state's evidence was insufficient to show that the automobile in which he was travelling at the time of his arrest was the automobile which the state's evidence showed had been stolen from J.T. Jones. After a careful review of the state's evidence in the light of the principles set out for such review in Cumbo v. State,368 So.2d 871 (Ala.Cr.App. 1979), cert. denied, 368 So.2d 877 (Ala. 1979), we find that there was sufficient evidence presented by the state for the trial court to conclude beyond a reasonable doubt that appellant was guilty of receiving stolen property in the first degree. Accordingly, appellant's motion to exclude on the assertion of insufficient evidence was properly denied.
Appellant also contends that the trial court erred in admitting testimony which suggested that he may have been involved in another burglary. We find no merit in this contention. It is apparent that the testimony was not offered for the purpose of showing that appellant had been involved in another burglary, but was mentioned during an explanation by the investigator of how he obtained appellant's name during the investigation of the burglary in the instant case. In fact, no evidence was offered showing that appellant was, in fact, involved in another burglary. If the admission of the testimony were error, it would be error without injury, as it does not appear that the testimony complained of probably injuriously affected any substantial rights of appellant. A.R.A.P. 45.
We remand this case to the trial court with instruction to modify the sentencing order heretofore entered so as to require that the sentences of three years' imprisonment imposed in each case run concurrently. Due return of the action taken should be made to this court.
REMANDED WITH INSTRUCTIONS.
All Judges concur.