SHORES, Justice.
We granted certiorari in this case because the opinion of the Court of Criminal Appeals appeared to conflict with that court’s holding in Hastings v. State, 549 So.2d 115 (Ala.Cr.App.1988). We reverse and remand.
L.R., the petitioner, was granted youthful offender status by the trial court and pleaded guilty to, and was adjudicated guilty of, two offenses charged by indictments in Morgan County Circuit Court. The trial court sentenced L.R. to two consecutive three-year prison terms, with sentence for one conviction being split so that L.R. was directed to serve eight months, balance suspended, and two years probation; sentence was suspended on the other conviction and two years probation given.
After a probation violation, L.R.’s probation was revoked and he was ordered to serve the two sentences of three years each, consecutively. L.R. filed a Rule 20, A.R. Crim.P., petition with the trial court, contending that the combined sentence exceeds the maximum allowed under Alabama Code 1975, § 15-19-6, the Youthful Offender Act. The trial court denied the Rule 20 petition, and L.R. appealed. The Court of Criminal Appeals, in a memorandum opinion, affirmed L.R.’s sentence. 575 So.2d 1259. We granted certiorari review, and we now reverse the judgment of the Court of Criminal Appeals.
The facts of this case are indistinguishable from those of Hastings v. State, 549 So.2d 115 (Ala.Cr.App.1988). In Hastings, the Court of Criminal Appeals stated:
“The main contention raised by appellant is that the trial court exceeded its authority in sentencing him to two consecutive three-year terms of imprisonment as a youthful offender. Such a sentence, he maintains, exceeds the maximum permitted for a youthful offender under § 15-19-6(a)(4). We agree.”
549 So.2d at 116. The court elaborated:
“In construing the Youthful Offender Act in such a way as to carry out what we believe to be the true legislative intent and with due deference to our supreme court’s opinion in Ex parte Jack *175 son, we find that § 15-19-6(a)(4) establishes a maximum sentence of imprisonment for a youthful offender of three years. Consecutive sentences totalling more than three years, as ordered in the instant case, would be an incongruous interpretation of the statute and would frustrate the intent and purpose of the Act....
[[Image here]]
“... [T]he [trial] court exceeded its powers by ordering that the appellant’s sentences run consecutively, for this order subjected appellant, in essence, to a sentence greater than three years. If the trial court was of the belief that the appellant required incarceration for a period longer than three years, youthful offender status should not have been granted. The judgment of the lower court, therefore, should be modified to provide that the sentences run concurrently and not consecutively.”
549 So.2d at 116-17. In Ex parte Jackson, 415 So.2d 1169, 1170 (Ala.1982), Justice Beatty, speaking for this Court, noted:
“By the enactment of the Youthful Offender Act, the legislature not only sought to provide an alternative method of sentencing minors, but, in fact, created a procedure separate and apart from the criminal procedure dealing with adults accused of the same offense. Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975). Code of 1975, § 15-19-6(a)(2), establishes the maximum probationary sentence or period allowable for a youthful offender, i.e., three years. That limitation on a sentence of probation is obviously one of the intended advantages of the Act. By comparison, the maximum probationary period for ‘adult’ defendants found guilty of a felony is five years. Code of 1975, § 15-22-54(a). Hence, consecutive sentences of probation would thwart the intention of the legislature. Although the Youthful Offender Act does not prohibit the imposition of separate or multiple sentences of probation, clearly each probationary sentence must run from the time of sentencing rather than from the end of the proceeding probationary period.”
Clearly, consecutive sentences for a youthful offender that total more than three years are not permitted under the Act. Therefore, the judgment of the Court of Criminal Appeals is reversed and the case is remanded to that court for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ALMON, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.