■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK R. LUCCI, Appellant. [597 NYS2d 601] —Appeals by the defendant from (1) two judgments of the County Court, Nassau County (Boklan, J.), both rendered July 14, 1988, adjudicating him a youthful offender, upon his pleas of guilty to attempted burglary in the third degree under S.C.I. No. 68308 and burglary in the second degree under S.C.I. No. 68309, and imposing sentences, and (2) two amended judgments of the same court, both rendered June 16, 1992, revoking the sentences of probation previously imposed by the same court, upon a finding that he had violated a condition thereof, after a hearing, and imposing consecutive sentences of 1⅓ to 4 years upon his previous adjudication as a youthful offender, upon his pleas of guilty to attempted burglary in the third degree and burglary in the second degree.

Ordered that the purported appeals from the two judgments both rendered July 14, 1988, are dismissed, as no notices of appeal have been filed with respect thereto; and it is further,

Ordered that the two amended judgments rendered June 16,

1992, are modified, on the law, by deleting the provision that the sentences imposed are to run consecutively and substituting therefor a provision that the sentences are to run concurrently to each other; as so modified, the amended judgments are affirmed.

The defendant's contention that the court improperly resentenced him on the violations of probation because it lacked an updated presentence report is unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Callahan,* 80 NY2d 273, 281).

However, in imposing consecutive sentences of 1⅓ to 4 years after a youthful offender adjudication, the court exceeded its authority *(see, People v Vincent Z.,* 82 AD2d 165; *People v Green,* 75 AD2d 625; *People v Matthew John G.,* 60 AD2d 919), and the sentences are modified accordingly. Thompson, J. P., Balletta, Rosenblatt and Eiber, JJ., concur.