WISE, Judge.
D.Y. was granted youthful-offender status by the trial court, and pleaded guilty to, and was adjudicated guilty of, six counts of enticing a child into a residence or an automobile for immoral purposes, a violation of § 13A-6-69, Ala.Code 1975. The record reflects that D.Y. advised the court he had read the “Explanation of Rights and Plea of Guilt” form and that he was voluntarily and knowingly waiving those rights, as explained to him. The trial court informed D.Y. of the proper range of punishment for the charges to which he pleaded guilty, and D.Y. acknowledged his understanding of the terms of his plea agreement.
On appeal, D.Y. contends that the trial court erred when it sentenced him to six consecutive terms of three years’ imprisonment. He argues that such a sentence is illegal under the Alabama Youthful Offender Act, § 15-19-6, Ala.Code 1975. Because the law in Alabama clearly prohibits consecutive sentences for separate youthful-offender adjudications that exceed the statutory maximum of three years, D.Y.’s claim is meritorious; therefore, we must remand this cause for proper sentencing, in accordance with the Youthful Offender Act and with this opinion.
This Court has previously reviewed cases with factual bases nearly indistinguishable from those in the present case. In Hastings v. State, 549 So.2d 115 (Ala.Crim.App.1988), we stated:
“The main contention raised by appellant is that the trial court exceeded its authority in sentencing him to two consecutive three-year terms of imprisonment as a youthful offender. Such a sentence, he maintains, exceeds the maximum permitted for a youthful offender under § 15-19-6(a)(4). We agree.”
549 So.2d at 116. The court elaborated:
“In construing the Youthful Offender Act in such a way as to carry out what we believe to be the true legislative intent and with due deference to our supreme court’s opinion in Ex parte Jackson, [415 So.2d 1169 (Ala.1982) ] we find that § 15-19-6(a)(4) establishes a maximum sentence of imprisonment for a youthful offender of three years. Consecutive sentences totaling more than three years, as ordered in the instant case, would be an incongruous interpretation of the statute and would frustrate the intent and purpose of the Act....
[[Image here]]
“... [T]he [trial] court exceeded its powers by ordering that appellant’s sentences run consecutively, for this order subjected appellant, in essence, to a sentence greater than three years. If the trial court was of the belief that the appellant required incarceration for a period longer than three years, youthful offender status should not have been granted. The judgment of the lower court, therefore, should be modified to provide that the sentences run concurrently and not consecutively.”
549 So.2d at 116-17. See also McWilliams v. State, 587 So.2d 1064 (Ala.Crim.App.1991). In Ex parte Jackson, 415 So.2d 1169, 1170, (Ala.1982), Justice Beatty, writing for the Court, noted:
“By the enactment of the Youthful Offender Act, the legislature not only sought to provide an alternative method of sentencing minors, but, in fact, created a procedure separate and apart from the criminal procedure dealing with adults accused of the same offense. Raines v. State, 294 Ala. 360, 317 So.2d 559 (1975). Code of 1975, § 15-19-6(a)(2), establishes the maximum proba *306 tionary sentence or period allowable for a youth offender, i.e., three years. That limitation on a sentence of probation is obviously one of the intended advantages of the Act. By comparison, the maximum probationary period for ‘adult’ defendants found guilty of a felony is five years. Code of 1975, § 15-22-54(a). Hence, consecutive sentences of probation would thwart the intention of the legislature. Although the Youthful Offender Act does not prohibit the imposition of separate or multiple sentences of probation, clearly each probationary sentence must run from the time of sentencing rather than from the end of the preceding probationary period.”
Accord Ex parte L.R., 586 So.2d 174 (Ala.1991).
Clearly, consecutive sentences for a youthful offender that total more than three years are not permitted under the Act. While it is our belief that abhorrent acts such as those that involve the victimization of children should be treated with all seriousness and be punished as the law permits, we acknowledge the discretion of the trial court to adjudicate this matter in accordance with the Youthful Offender Act with a less severe penalty than would ordinarily be afforded a defendant under the facts presented by this case.
Based on the foregoing, we remand this case to the circuit court with instructions to modify the sentencing order heretofore entered so as to require that the sentences of three years’ imprisonment in each count run concurrently. The circuit court should take the necessary action to ensure that the circuit clerk makes due return to this Court at the earliest possible time and within 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, p.j., and COBB, BASCHAB, and SHAW, JJ., concur.