■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAUNTTA MALLOY, Appellant. [825 NYS2d 788]—

Appeal, by permission, from an order of the County Court of Albany County (Herrick, J.), entered May 5, 2005, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crime of criminal possession of a controlled substance in the fifth degree, without a hearing.

In October 2002, defendant was convicted of robbery in the third degree. He was adjudicated a youthful offender and was sentenced to six months in jail with five years of probation. While on probation, he was charged with, among other things, criminal possession of a controlled substance in the fifth degree. He pleaded guilty to this crime and was sentenced to 1 1/3 to 4 years in prison. Shortly thereafter, he pleaded guilty to violating the terms of his probation. His probation was revoked and he was resentenced to a prison term of 1 to 3 years to run consecutive to the prison term imposed for criminal possession of a controlled substance in the fifth degree, resulting in an aggregate term of imprisonment of 2 1/3 to 7 years. Defendant thereafter moved, among other things, to set aside the sentence as illegal. County Court denied the motion and this Court granted him permission to appeal.

Defendant asserts that inasmuch as he was adjudicated a youthful offender, County Court's imposition of a consecutive sentence upon resentencing is illegal because it results in an aggregate sentence which exceeds four years. We disagree and affirm. In a felony case, when youthful offender status is granted, a sentence in excess of four years is not authorized (see CPL 720.20 [1] [a]; Penal Law § 60.02 [2]; § 70.00 [2] [e]). Thus, a defendant may not be sentenced as a youthful offender to two consecutive four-year terms (see People v Richard P., 12 AD3d 382 [2004]; People v Lucci, 193 AD2d 623 [1993]; People v David "H.", 70 AD2d 205 [1979]), even if those convictions occurred in different counties (see People v Vincent Z., 82 AD2d 165 [1981]).* Moreover, if the only New York conviction is one in which a de-

* Although our decision in People v Vincent Z. (supra) does not specifically state that the defendant was granted youthful offender status when he pleaded

fendant is sentenced to an indeterminate term of 1 to 3 years as a youthful offender, that sentence may not be imposed consecutively with an existing out-of-state determinate term of seven years (*see People v Ralph W.C.*, 21 AD3d 904 [2005]). Here, defendant's arguments to the contrary notwithstanding, these cases are inapposite. Defendant's second New York conviction was as an adult. Because defendant is being sentenced for a violation of his youthful offender probation, there is no prohibition against running his youthful offender probation violation sentence consecutively to the sentence imposed upon his conviction as an adult (*see People v Van Hoesen*, 213 AD2d 944 [1995], *lv denied* 85 NY2d 981 [1995]; *see also People v Simmons*, 188 AD2d 668 [1992], *lv denied* 81 NY2d 893 [1993]).

Mercure, J.P., Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed.

guilty in Saratoga County, we note that he was thereafter granted youthful offender status in Warren County. Had he been convicted as an adult in Saratoga County, he would not have been eligible for youthful offender treatment in Warren County (*see* CPL 720.10 [2] [b]).