Leonard Leigh Finz, J.
The perplexing issue that emerges from this criminal sentence is whether one who has been adjudicated a youthful offender with an underlying A-III felony conviction can be sentenced to a term of probation for five years.
The sentence imposed herein is predicated upon the previous decision of this court to adjudge the defendant to be a youthful offender under the provisions of CPL 720.10 despite the fact that it appeared that he was not an eligible youth. (People v Ruben S., 81 Misc 2d 305.) For all of the reasons set forth in its detailed opinion, this court concluded that, insofar as CPL 720.10 removed youthful offender consideration solely by reason of the crime charged in the indictment, the said section was unconstitutional.
The relevant sections of both the CPL and the Penal Law must now be reviewed to determine whether a period of five years’ probation is indeed a proper sentence. In that regard, the total absence of any reported cases on this novel issue invites this opinion. Further, the sentencing provisions of the Penal Law and the CPL are so replete with cross references and overlapping sections as to nourish confusion and strain judicial interpretation in this area. The inescapable fact is that, in order to reach the "bottom line” in the sentencing route, it is necessary oftentimes to travel over many semantic *886 pathways in almost road map style, leaving the "traveler” exhausted when he arrives finally at what he believes to be his destination. In this regard, the instant case provides a classic example of this exercise requiring tracing and tracking through the mazes of the interlocking sentencing provisions of our statutes in order to determine the propriety of the sentence to be imposed herein. Thus, the backdrop is set for what follows.
The basic statute governing the sentencing of youthful offenders is to be found in CPL 720.20 (subd 3) which directs a sentence to be imposed pursuant to section 60.02 or section 60.03 of the Penal Law.
Since section 60.03 of the Penal Law refers to defendants who are addicts (and this defendant has been determined not to be an addict), the more applicable section is 60.02 of the Penal Law. Section 60.02 directs that the youthful offender shall be sentenced according to section 60.01 for the crime for which the youthful offender adjudication was substituted. The limitation imposed on such sentence is that it shall not be for an indeterminate term of imprisonment of more than four years, or, if pursuant to CPL 720.20 (subd 3), for a definite or intermittent term of imprisonment of more than six months. Obviously, it was the intendment of the statute to soften or limit the previous injunction to sentence for the underlying crime as though the perpetrator were an adult, so that the youthful offender would not be subjected to the possibility of the harsh maximum that could be meted out to an adult.
Proceeding, therefore, and more specifically to section 60.01 (subd 2, par [a], cl [i]), it is found that the court "may sentence a person to a period of probation” where authorized by article 65. A reading of the criteria set forth in section 65.00 (subd 1, par [a]) of the Penal Law indicates that the court may impose a sentence of probation "except as provided by paragraph (b) hereof’ upon the conviction of "any crime”.
An examination of paragraph (b) of subdivision 1 discloses that lifetime probation in the case of a conviction for a class A-TTT felony is permitted but upon absolute strictures. For lifetime probation to be permitted there must be a recommendation by the District Attorney, with the concurrence of the proper judicial authority, therein indicated, based upon the cooperation of the defendant in the investigation, apprehension or prosecution of drug-related felonies. It is only in this special circumstance that lifetime probation is either available or *887 mentioned throughout the entire body of our criminal law (Penal Law, § 65.00, subd 3, par [a], cl [ii]), none of which is applicable to the defendant in the instant case.
We must, therefore, proceed to section 65.00 (subd 3, par [a], cl [i]) of the Penal Law which permits a period of probation for five years for felonies other than class A-III. In so doing, the court must advert to the premise stated at the outset, that is, that depriving this defendant of eligibility for youthful offender treatment was unconstitutional, and, as such, the relationship of that determination to the possible sentence to be imposed must be weighed herein.
Undoubtedly, in eliminating consideration of eligibility for youthful offender at the time of indictment for a class A-III felony, it was felt that such transgressors should be treated as adults with correlative sentences imposed. Since the court, however, has granted youthful offender treatment to the defendant herein, an alternative method of sentencing must now be considered in that there is no underlying sentencing statute that would be applicable to this defendant. Section 60.03 (subd 4, par [c]) which is not applicable here, also limits the imposition of a jail sentence for youthful offenders to four years. Similarly, the mandatory jail sentences decreed by section 60.05 (excepting subdivision 1) do not apply when youthful offender treatment has been accorded to the defendant. Thus, there appears to be a hiatus or vacuum in appropriate sentencing provisions for youthful offenders whose underlying offense rests upon the sale of narcotics, conviction of which would be a class A-I, A-II or A-III felony.
Therefore, it would appear to this court that the only proper approach is to apply the maximum probationary period which can be considered for the conviction of a felony (other than the special circumstances and provisions set forth in section 65.00 (subd 1, par [b]) which period is one of five years’ probation (Penal Law, § 65.00, subd 3, par [a], cl [i]). The court reaches this conclusion recognizing full well that there now remains a statutory gap in those cases in which youthful offender treatment has been afforded where the underlying crime is a narcotics A-III felony. Until such time as there is either definitive decisional authority or appropriate statutory changes, the sentence of five years’ probation in the instant case is indeed consistent with a fair interpretation of existing and available law. And in those cases that meet properly the criteria recited in section 65.00 (subd 1, par [a]) of the Penal *888 Law (as in the instant matter) such probationary sentence of five years is proper. Accordingly, this youthful offender is sentenced to a period of five years’ probation for the reasons hereinabove set forth and under the conditions placed on the record.