■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

LUZ EDILIA HENAO, Appellant.—Appeal by the defendant, as limited by her brief, from a sentence of the Supreme Court, Suffolk County (McInerney, J.), imposed November 13, 1986, upon her conviction of criminal sale of a controlled substance in the second degree, upon her plea of guilty, the sentence being an indeterminate term of 3½ years' to life imprisonment.

Ordered that the sentence is affirmed.

Upon our review of the record, we conclude that the sentence imposed did not constitute cruel and unusual punishment in violation of constitutional proscriptions (NY Const, art I, § 5; US Const 8th Amend). Absent exceptional circumstances, a sentence that is within the statutorily permissible range does not constitute cruel and unusual punishment *(see, People v Jones,* 39 NY2d 694; *People v Medina,* 140 AD2d 549; *People v Albano,* 124 AD2d 739, 740, *lv denied* 69 NY2d 824). No such exceptional circumstances exist at bar. The sentence imposed was only six months more than the minimum permissible term for a class A-II felony offense (Penal Law § 70.00 [3] [a] [ii]; [2] [a]). Moreover, during the change of plea proceeding the court advised the defendant that the sentence would be no greater than four years' to life imprisonment. The sentence imposed, therefore, was the result of a negotiated plea bargain which substantially reduced the defendant's sentencing exposure and reflects a careful consideration of the defendant's background and the circumstances of the crime charged. Thompson, J. P., Kunzeman, Eiber, Spatt and Balletta, JJ., concur.