■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BRABHAM, Appellant.—Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered March 14, 1991, convicting defendant upon his pleas of guilty of the crimes of criminal possession of a controlled substance in the third degree and assault in the second degree.

We reject defendant's contention that his sentence should be reduced in the interest of justice. The record reveals that, on November 30, 1990, defendant pleaded guilty pursuant to a plea agreement to criminal possession of a controlled substance in the third degree with the understanding that he would be sentenced as a youthful offender to six months in the County Jail with five years' probation as long as he did not engage in any criminal conduct between the time of the plea and the date of sentencing. Defendant was also warned that he could then be sentenced up to 8⅓ to 25 years in prison. During this time period, however, defendant was charged in two separate indictments for additional drug offenses and assault in the second degree. In addition, at least two felony complaints were outstanding against defendant charging him with at least two additional felonies. After new plea negotiations, defendant entered a second plea of guilty on March 14,

1991 to assault in the second degree in satisfaction of the remaining indictment, the felony complaints and new allegations regarding incidents that occurred the previous day at the jail. After taking into consideration all of these factors as well as the nature of the crimes involved, County Court sentenced defendant as promised to concurrent terms of imprisonment of 3 to 9 years for the criminal possession conviction and 2⅓ to 7 years for the assault conviction. Under these circumstances, we find that County Court did not abuse its discretion in imposing sentence *(see, People v Henao,* 149 AD2d 531, 532; *People v Aia,* 105 AD2d 592, 593; *People v Kazepis,* 101 AD2d 816).

Weiss, P. J., Yesawich Jr., Mahoney, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed.