■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL G., Appellant. [602 NYS2d 100] —Judgment, Supreme Court, New York County (Donald Mark, J., at suppression hearing; Martin Rettinger, J., at plea; Franklin Weissberg, J., at sentence), rendered August 19, 1991, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a youthful offender, to a term of five years probation, unanimously affirmed.

At the suppression hearing, the arresting officer testified that while he was escorting a drug suspect in the Port Authority bus terminal, defendant approached him, cursed at him, and pushed him forcefully. The officer released the suspect and chased defendant out of the terminal and onto the street. During the chase, defendant removed a plastic bag containing white powder from his pocket and held it while he continued to run. The bag, which was recovered when the police apprehended defendant, was subsequently determined to contain cocaine.

Defendant testified that the officer had tried to grab him as he passed by. Believing the officer was a "crazy man", defendant ran from the officer and the chase ensued. Defendant was eventually stopped when three police officers ordered him to freeze. He was then arrested and searched, whereupon the police recovered a bag of cocaine.

Defendant's suppression motion was properly denied. "A hearing court's findings of fact are entitled to great weight * * * and this court will not, without good reason, find a police officer's testimony incredible or patently tailored to overcome constitutional objections." (People v Jones, 168 AD2d 370, lv denied 77 NY2d 907.) Here, as the hearing court opined, it seems unlikely that the officer would have released

his first suspect to pursue defendant without provocation. The gaps in the officer's testimony noted by defendant raised only questions of credibility for the hearing court to resolve *(see, People v Rivera,* 68 NY2d 786).* Concur—Wallach, Kupferman and Ross, JJ.

Murphy, P. J., concurs in the result only.