■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NARMOS ROMAN, Appellant. [629 NYS2d 744] —Judgment of the Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered July 15, 1993, convicting defendant, after a jury trial, of criminal possession of stolen property in the fifth degree, and sentencing him to a period of three years probation, reversed on the law and the facts, and as matter of discretion in the interest of justice, the indictment dismissed and the matter remanded for further proceedings in accordance with CPL 160.50.

Defendant and his co-defendant were indicted for robbery and criminal possession of stolen property for allegedly stealing a car and wallet from the complainant on October 4, 1990. Although the complainant did go to the precinct, he did not file a contemporaneous police report and his car was found the same day. The defendant and his co-defendant were not arrested until December 15, 1990, when, after a traffic stop, complainant's wallet was found in defendant's car. The jury acquitted co-defendant of all charges, and convicted defendant only of criminal possession of stolen property. However, in our view this aspect of the verdict was against the weight of the evidence (CPL 470.15 [5]) and we therefore reverse the judgment of conviction and dismiss the indictment.

Contrary to the characterization of the dissent, we do not reverse based on the legal insufficiency of the evidence adduced at trial to establish his guilt of the crime of criminal possession of stolen property in the fifth degree, and thus we need not address whether such an argument would be unpreserved as a matter of law (*People v Gray*, 86 NY2d 10). Rather, we reverse because we find merit in appellant's contention that the verdict should be set aside because it was against the weight of the evidence (CPL 470.15 [5]). This latter claim need not have been raised before the trial court as it was not empowered to grant such relief (*People v Carter*, 63 NY2d 530, 536).

Although we recognize that a jury's verdict is ordinarily entitled to great deference, and although we neither chronicle every inconsistency nor summarize the many indicia of the complainant's unreliability as a witness, we note that here, even on a cold record, the complainant's testimony is patently suspect. It is true that the complainant's dual histories of involvement in the criminal justice system and of extensive drug abuse, including using heroin the morning of the alleged incident, and the fact that he testified in exchange for a promise of leniency in his own pending criminal matters, do not singly or collectively operate to render him an incredible witness *per se*. However, these factors may and should be considered when evaluating the substance of the complainant's testimony. The complainant was unable to recall significant details and offered testimony on the issue of identification which was so confusing that the jury was required to have a readback about "just who was the driver and who was the passenger." Indeed, after having testified that the incident could have occurred on either October 4th, 5th, 6th or even September 4th, the complainant conceded, "I have a bad memory." Here, as in *People v Green* (113 AD2d 713, 715), "the complainant's account of the alleged robbery presents an integral transaction which cannot be parsed out and accepted on a piecemeal basis." On the specific facts presented here, the jury's acquittal of the robbery charges necessarily "indicated it did not credit the complainant's story in toto" (*supra*, at 715). Therefore, we conclude that the prosecution failed to establish beyond a reasonable doubt that defendant knew that the property at issue, the complainant's wallet and car,* were stolen. Concur—Murphy, P. J., Rosenberger and Mazzarelli, JJ.

Kupferman and Nardelli, JJ., dissent in a memorandum by Kupferman, J., as follows: The record supports the hearing court's determination that the inspection sticker in question was not properly affixed to the windshield when the officers stopped the vehicle, and that the officers' testimony was not " 'patently tailored to overcome constitutional objections' " (*People v Jamal G.*, 196 AD2d 751, *lv denied* 82 NY2d 850).

Defendant's "masked repugnancy argument" that the evidence was insufficient to support his guilt of possessing the

---

* Although the transcript of the charge conference indicates that the court informed the parties that it would submit the criminal possession of stolen property charge only as to the wallet, the jury was actually charged that in order to convict defendant they needed to find that the defendant knowingly possessed both complainant's allegedly stolen wallet *and* car. Neither side objected to the charge as actually delivered. Thus, it is based on the charge as given that we have reviewed the weight of the evidence.

victim's wallet and car because he was acquitted of the robbery charges is unpreserved as a matter of law (*People v Rodriguez*, 179 AD2d 554), and we would decline to reach it in the interest of justice. In any event, we find that the evidence, viewed in the light most favorable to the People, was sufficient to prove the elements of criminal possession of stolen property in the fifth degree, inasmuch as the victim's version of the events could be "parsed out and accepted on a piecemeal basis" (*People v Green*, 113 AD2d 713, 715). Furthermore, the jury may exercise leniency by convicting him of a lesser charge than is established by the evidence (*People v Tucker*, 55 NY2d 1, 7).

As to the majority's contention that the verdict was against the weight of the evidence, it should be noted that they completely ignore the fact that complainant's wallet was found in defendant's car with no explanation given for that.