OPINION OF THE COURT
Daniel K. Lalor, J.
In separate proceedings arising from the same alleged incident, the above three defendants have entered pleas to sexual abuse in the first degree upon the understanding that the court, if warranted by the results of the various presentence investigations, would impose in each case a term of five years’ probation, and would consider granting to each defendant youthful offender (YO) status. In fact, since the date of the offense in each case was subsequent to February 1, 2001, sentencing is governed by the Sexual Assault Reform Act of 2000 (L 2000, ch 1, eff Feb. 1, 2001). That Act provides for increased probationary terms of 10 years upon a defendant being sentenced to probation after conviction of any “felony sexual assault,” defined as including any felony defined in Penal Law article 130 (see Penal Law § 65.00 [3]). Clearly, therefore, the contemplated probationary sentence may be imposed only through imposition of a 10-year probation term, if defendants are sentenced as adults. Since the court, upon due consideration, has determined to grant to each defendant youthful offender status, it remains to be considered what sentence is called for under the Act under these circumstances. The precise question is: If a defendant pleads guilty to sexual abuse in the first degree (Penal Law § 130.65 [2], a class D violent felony) committed after February 1, 2001, is adjudicated a youthful offender, and is sentenced to probation, is the mandatory term of probation 10 years or 5 years?
*481 The Law
“When a person is to be sentenced upon a youthful offender finding, the court must impose a sentence as follows: * * * (2) If the sentence is to be imposed upon a youthful offender finding which has been substituted for a conviction for any felony, the court must impose a sentence authorized to be imposed upon a person convicted of a class E felony” (Penal Law § 60.02 [2]). “[T]he court, where authorized by article sixty-five, may sentence a person to a period of probation * * * as provided in that article” (Penal Law § 60.01 [2] [a] [i]). Under the general circumstances of this case: the court may sentence a person to a period of probation upon conviction of any crime if the court, having regard to the nature and circumstances of the crime and to the history, character and condition of the defendant, is of the opinion that: (i) Institutional confinement for the term authorized by law of the defendant is or may not be necessary for the protection of the public; (ii) the defendant is in need of guidance, training or other assistance which, in his case, can be effectively administered through probation supervision; and (iii) such disposition is not inconsistent with the ends of justice” (Penal Law § 65.00 [1] [a]).
Penal Law § 65.00 (2) further provides, “When a person is sentenced to a period of probation the court shall, except to the extent authorized by paragraph (d) of subdivision two of section 60.01 of this chapter, impose the period authorized by subdivision three of this section and shall specify, in accordance with section 65.10, the conditions to be complied with.”
Penal Law § 65.00 (3) further provides,
“Unless terminated sooner in accordance with the criminal procedure law, the period of probation shall be as follows:
“(a) (i) For a felony, other than a class A-II felony or a class B felony defined in article two hundred twenty of this chapter or a sexual assault, the period of probation shall be five years;
“(ii) For a class A-II felony or a class B felony defined in article two hundred twenty of this chapter, the period of probation shall be life;
“(iii) For a felony sexual assault, the period of probation shall be ten years.
“(b) (i) For a class A misdemeanor, other than a sexual assault, the period of probation shall be three years;
*482 “(ii) For a class A misdemeanor sexual assault, the period of probation shall be six years.
“(c) For a class B misdemeanor, the period of probation shall be one year;
“(d) For an unclassified misdemeanor, the period of probation shall be three years if the authorized sentence of imprisonment is in excess of three months, otherwise the period of probation shall be one year.
“In any case where a court pursuant to its authority under subdivision four of section 60.01 of this chapter revokes probation and sentences such person to imprisonment and probation, as provided in paragraph (d) of subdivision two of section 60.01 of this chapter, the period of probation shall be the remaining period of the original probation sentence or one year whichever is greater.
“For purposes of this section, the term ‘sexual assault’ means an offense defined in article one hundred thirty or two hundred sixty-three or in section 255.25 of this chapter, or an attempt to commit any of the foregoing offenses.”
Analysis
The Defense Argument for “Five Years”
Defense counsel contend first that “the new law is applicable for a conviction of a crime,” and that since a YO adjudication does not constitute a “conviction,” in the event the court grants youthful offender status, the “agreed upon sentence” of five years’ probation is available. Second, defendants contend that there is a “plea bargain arrangement” in place, upon which defendants have relied, and which the People and court are obliged to honor.
Defendants’ second point is answered by the observation that defendants have been given and have rejected the opportunity to withdraw their pleas, electing instead to accept the court’s stated determination to grant youthful offender status upon their pleas of guilty, and to allow defendants to retract their waivers of the right to appeal, entered at the time of their pleas, to the extent of permitting defendants to appeal the sentences ultimately imposed in this case. Defendants have identified no steps taken by them in reliance upon the purported plea bargain that have worked a detrimental change of position sufficient to support a claim to specific performance *483 of any agreement, which would be unenforceable in any event if illegal.
Turning to defendants’ first argument, Penal Law § 65.00 (1) by its terms provides that all probation sentences are to be imposed only upon “conviction” of a “crime.” Thus, by defendants’ logic, a youthful offender could never be sentenced to a probationary term, of any duration. Instead, Penal Law § 60.02 mandates that a youthful offender be sentenced as if he were “convicted” of a crime. The question is, which crime?
The “Stronger” Defense Argument
A stronger argument that could have been made in favor of imposition of a five-year term runs as follows. First, the language of Penal Law § 60.02 states that if the conviction underlying the YO adjudication is for “any felony,” the authorized YO sentence is that “authorized to be imposed upon a person convicted of a class E felony.” The section authorizing probationary sentences, Penal Law § 65.00, hitherto has specified the term of probation based on the classification of the crime: either life (for class A-II or article 220 class B felonies), five years (for all other felonies), three years (for class A misdemeanors), or one year (for class B misdemeanors). The only variation in term based on the identity of the crime has been in the case of a class B felony defined in article 220, which carries a term of lifetime probation as opposed to a five-year term. Notably however, a survey of case law shows youthful offenders adjudicated based upon their commission of class B drug felonies (i.e., criminal sale or possession of a controlled substance in the third degree) have received probation sentences of five years, not lifetime terms of probation (People v Sixto M., 204 AD2d 175; People v Jamal G., 196 AD2d 751; see People v Brabham, 182 AD2d 921; see also People v Craig M., 60 AD2d 637; People v Ruben S., 82 Misc 2d 884).
The inference from these cases to be urged in support of the defense argument is that the youthful offender adjudication has in effect “purged” the crime of its character as a “drug felony” prior to imposition of the “generic” class E felony probationary sentence. An interpretation of the current statute consistent with the above analysis would conclude that a youthful offender adjudication based upon commission of an article 130 felony calls for imposition of a “generic” class E felony probationary sentence of five years, notwithstanding that an adult convicted of the same offense would receive a term of 10 years based upon that offense’s “identity” as a “sexual assault.”
*484 The Arguments for “10 Years”
The arguments for a five-year probationary term lack merit for the following reasons.
First, the language of Penal Law § 60.02 states that if the conviction underlying the YO adjudication is for “any felony,” the authorized YO sentence is that “authorized to be imposed upon a person convicted of a class E felony.” Penal Law § 60.01 (2) (a) (i) in turn provides that the court, where authorized by article 65, may sentence a person to a period of probation “as provided in that article.” Penal Law § 65.00 (2) provides that when a person is sentenced to a period of probation the court “shall” impose the period authorized by subdivision (3) of that section, and subdivision (3) in turn sets forth specific terms of probation to be imposed in specific cases.
Penal Law § 65.00 (3) (a) (i) specifies that, where the period of probation is “[flor a felony, other than a class A-II felony or a class B felony defined in article two hundred twenty of this chapter or a sexual assault, the period of probation shall be five years.” (Emphasis added.) However, Penal Law § 65.00 (3) (a) (iii) goes on to specify that “\f\or a felony sexual assault, the period of probation shall be ten years.” (Emphasis added.) Significantly, the provisions setting forth the various periods do not use the word “conviction”; rather, those provisions refer merely to a period required “\f\or a felony,” “\f\or a class A misdemeanor” or “\f\or a felony sexual assault,” etc.
Second, although Penal Law § 60.02 calls for imposition of a sentence that would be authorized upon conviction for a class E felony, there are not one but two different probationary terms prescribed by Penal Law § 65.00 (3) for class E felonies, namely the five-year term applicable to class E felonies generally, and the special 10-year term applicable in the case of a class E felony which is also a “felony sexual assault” (e.g., rape in the third degree, sodomy in the third degree, persistent sexual abuse, aggravated sexual abuse in the fourth degree, and female genital mutilation). Where the conviction underlying the YO adjudication is actually “for” commission of any of these class E felony sexual assaults, the 10-year period called for by Penal Law § 65.00 (3) is in fact a probation term prescribed for a class E felony, and its imposition would be in accord with the plain language of both Penal Law §§ 60.02 and 65.00 (3). Since there exist “felony sexual assaults” that are in fact class E felonies, the most consistent interpretation of Penal Law §§ 60.02 and 65.00 (3) is to impose, upon replacement of a felony sexual assault conviction by a YO adjudication, the probationary term that would be imposed upon conviction for a class E “felony sexual assault.”
*485 This line of argument rebuts also the “stronger argument” given above in favor of a five-year term, for it can be argued that in the case of a youthful offender pleading to a class B drug felony, the court imposing a five-year probationary term is simply imposing a sentence consistent with that which would be imposed upon conviction of a class E drug felony.
Third, in the court’s view the purpose of Penal Law § 60.02 is to limit the prison exposure of felony youthful offenders to that faced by adults convicted of the lowest grade felony. It is not to limit rehabilitative provisions such as that provided by a doubled probation term. That purpose is not offended by imposing the 10-year probation term, for in the event the youthful offender violates probation he still faces upon revocation only the limited prison term applicable to class E felonies, not the longer prison term faced by an adult who violates the same probation.
Finally, comparison with misdemeanor sex offense YO sentencing provisions compels the same result. Penal Law § 60.02 (1) provides that in the case of a youthful offender finding substituted for an offense other than a felony, the court must impose a sentence authorized for the offense for which the youthful offender finding was substituted. In the case of a class A misdemeanor sex offense (e.g., Penal Law § 130.20), the prescribed probationary term for the offense itself, and therefore the probationary term to be imposed upon a youthful offender, is six years. It would be anomalous in the extreme to impose a six-year probationary term upon a youthful offender who has committed a misdemeanor sex offense, and a five-year probationary term upon a youthful offender who has committed a felony sex offense.
Conclusion
Although there exists an argument that youthful offenders sentenced for felony sex offenses should receive a “generic” five-year probationary term consistent with that afforded youthful offenders sentenced for class B drug felonies, based on analysis of the language of the pertinent statutes and the purpose behind youthful offender legislation, a 10-year term is the correct probation sentence. In each of the above cases, therefore, the court hereby adjudicates the defendant a youthful offender, and imposes a term of 10 years’ probation.
Mandatory Condition?
As part of the amendments brought about by the Act, Penal Law § 65.10 (4-a) now calls for a “[m]andatory condition for sex *486 offenders,” to be imposed whenever the court imposes a sentence of probation upon a person “convicted of an offense” defined in Penal Law article 130 against a victim who was then under the age of 18. The condition is that the offender shall not knowingly enter any school or other facility used for the care or treatment of persons under the age of 18 while any such minor is present, except with prior written authorization which may be given in case the offender is a student or employee of such facility or has a family member enrolled in such facility.
Does this provision apply in the case of YO sentencing as well?
There is no reason in logic why the mandatory condition should not be imposed. Although the statute speaks of a person “convicted of an offense” and a YO finding is not a “conviction,” this line of reasoning leads to the same reductio ad absurdum as defendants’ initial argument: by its logic, no youthful offender should receive probation in the first instance, for Penal Law § 60.05 (1) by its terms permits the probation sentence only “upon conviction of any crime.” Rather, if a youthful offender is to receive the very same probation sentence he would receive if he were convicted of a felony sexual assault, consistency asks that the mandatory condition be imposed.
Notwithstanding the above, informal input from both local and State offices of probation indicates probation authorities presently take the position the mandatory condition is in fact discretionary with the court in the case of a youthful offender. The court will accordingly not impose such condition at this time, but will reserve its authority to impose it at a later time during the term of probation, should it become appropriate.