■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR GRAY, Appellant. [769 NYS2d 255]—

Judgment, Supreme Court, Bronx County (Ruth Sussman, J.), rendered April 25, 2001, convicting defendant, upon his plea of guilty, of rape in the third degree, adjudicating him a youthful offender, and sentencing him to a term of 10 years probation, unanimously affirmed.

The court properly imposed a 10-year term of probation and not a five-year term (*People v Andrew W.*, 189 Misc 2d 479 [Greene County Ct 2001]). When a youthful offender finding is substituted for a felony conviction, "the court must impose a sentence authorized to be imposed upon a person convicted of a class E felony . . ." (Penal Law § 60.02 [2]). The period of probation for a "felony sexual assault" (§ 65.00 [3] [a] [iii]), whose definition includes the class E felony of rape in the third degree (§ 130.25), was increased to 10 years in 2001; there is no exception for those who have been adjudicated youthful offenders. We reject defendant's attempt to read such an exception into the statute, since the statutory language should not be expanded so as to enlarge its meaning to something which the Legislature could easily have expressed but did not (McKinney's Cons Laws of NY, Book 1, Statutes § 94). We perceive no basis for reducing the sentence as a matter of discretion. Concur—Mazzarelli, J.P., Saxe, Lerner and Marlow, JJ.