■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISREAL TORREZ, Also Known as ISRAEL TORREZ, Also Known as ISAEL TORREZ, Appellant. [771 NYS2d 909]—

Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Westchester County (DiFiore, J.),

imposed December 16, 2002, upon his conviction of rape in the second degree, the sentence being a term of 10 years' probation and the issuance of an order of protection to remain in effect until December 16, 2007.

Ordered that the sentence is affirmed.

The defendant pleaded guilty to the crime of rape in the second degree, a class D felony (*see* Penal Law § 130.30). On December 16, 2002, the County Court adjudicated him a youthful offender and sentenced him to a term of 10 years' probation. The court also issued an order of protection, to remain in effect until December 16, 2007.

Contrary to the defendant's contention, the County Court properly imposed a 10-year term of probation, rather than a five-year term. The crime underlying his youthful offender adjudication was a "sexual assault" (Penal Law § 65.00 [3]). Penal Law § 60.02 (2) provides, in relevant part, that when a person is sentenced "upon a youthful offender finding which has been substituted for a conviction for any felony, the court must impose a sentence authorized to be imposed upon a person convicted of a class E felony." The authorized period of probation for a person convicted of a class E felony, which is a sexual assault, is 10 years (*see* Penal Law § 65.00 [2], [3] [a] [iii]). Consequently, the mandatory term of probation for a youthful offender who pleads guilty or is found guilty of a sexual assault is 10 years, not five years, the authorized term for other E felonies (*see People v Andrew W.*, 189 Misc 2d 479 [2001]).

The defendant also contends that the County Court should have directed that the order of protection run from the date of his plea rather than the date of his sentence. Contrary to the People's contention, that issue may be reviewed on this appeal (*see People v Wheeler*, 268 AD2d 448, 449 [2000]). However, the defendant's contention is without merit (*see People v Battipaglia*, 307 AD2d 783 [2003], *lv denied* 100 NY2d 617 [2003]; *People v Feliciano*, 302 AD2d 474 [2003]). Altman, J.P., Krausman, Crane and Cozier, JJ., concur.