OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered November 20, 2000 reversed, on the facts and as a matter of discretion in the interest of justice, and the accusatory instrument is dismissed.
This criminal prosecution stems from an altercation between two neighboring residents of a Bronx apartment building. It is alleged that on November 25, 1998, at approximately 10:00 p.m., defendant Ruth Gonzalez stabbed the complainant with a knife — a knife never recovered or produced — while the two argued over a possible water leak in the defendant’s third-floor apartment that the complainant believed had seeped into her second-floor unit. Following a nonjury trial, defendant was acquitted of each of the misdemeanor charges facing her— including counts of menacing, attempted assault, and attempted weapon possession — but was convicted of second degree harassment (Penal Law § 240.26 [1]), a violation.
In view of the “seriously disturbing aspects of this case” (People v Nickerson, 175 AD2d 74, 76 [1991]), where the evidence clearly shows that it was the complainant who provoked and escalated the underlying altercation by repeatedly knocking at the defendant’s apartment door late at night, conduct which the prosecutor acknowledged on summation may have been “too persistent”; where the People failed to adequately explain their inability to produce the knife allegedly used by defendant or the leather jacket worn by the complainant that the (unrecovered) knife allegedly “went through”; and where defendant’s acquittal on each of the remaining charges, even if not repugnant to her conviction on the harassment count predicated on the identical trial theoiy (compare People v Crane, 242 AD2d 783 [1997]), tends to indicate that the trial court “did not credit the complainant’s story in toto” (People v Roman, 217 AD2d 431, 432 [1995] [internal quotation marks omitted]), we find it appropriate to exercise our statutory authority to reverse defendant’s conviction of second degree harassment as against the weight of the evidence and in the interest of justice (CPL 470.15 [3] [b], [c]).
*18 While the prosecution may have established, that the complainant received as many as eight stitches as the result of a knife wound at some point during the night in question, no persuasive showing was made that the wound was inflicted by this defendant — a 33-year-old home health aide who had no criminal background and who had led an otherwise unblemished, even exemplary, life. On this record, which contains many indicia of the complainant’s unreliability as a witness, including her acknowledged use of antidepressive medication and her admittedly agitated state at the time of the incident due to what she described as “the TV and ... all the pressure,” a finding that the knife wound did not occur as alleged during the complainant’s housing-related quarrel with the defendant “would not have been unreasonable” (People v Bleakley, 69 NY2d 490, 495 [1987]). Nor was a solid evidentiary basis for a finding that defendant stabbed the complainant — the sole factual predicate underlying this prosecution — provided in the often inconsistent and evasive testimony of the complainant’s adult son* who, although in close proximity to the disputants during the altercation, stopped short of saying that he saw an “actual stabbing.”
“[0]n balance we are left with a very disturbing feeling that guilt has not been satisfactorily established; that there is a grave risk that an innocent [woman] has been convicted; and that we should therefore not let this conviction stand.” (People v Kidd, 76 AD2d 665, 668 [1980], lv dismissed 51 NY2d 882 [1980].)

 The witness acknowledged that he had a prior drug-related conviction and that, as of the time of trial, he was awaiting sentence on “domestic violence” charges to which he had pleaded guilty.