■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON T., Appellant. [797 NYS2d 624]—

Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered October 4, 2004, which resentenced defendant following his conviction of the crime of sexual abuse in the first degree.

Defendant pleaded guilty to the sole count of a superior court information charging him with sexual abuse in the first degree in violation of Penal Law § 130.65 (3). Under the terms of the plea agreement, defendant was adjudicated a youthful offender,

was sentenced to a five-year period of probation and waived his right to appeal. Thereafter, County Court determined that the five-year probation period was an illegal sentence, requiring the court to resentence defendant to a mandatory 10-year period of probation. The court allowed defendant to appeal the legality of the sentence, which he now does.

A 10-year period of probation must be imposed for a felony sexual assault (*see* Penal Law § 65.00 [3] [a] [iii]). "[T]he term 'sexual assault' means an offense defined in [Penal Law] article [130]" (Penal Law § 65.00 [3]). Because defendant was convicted of a crime defined in Penal Law article 130 and no exception is provided in Penal Law § 65.00 for defendants who are adjudicated youthful offenders (*see People v Robert A.*, 17 AD3d 379 [2005]; *People v Torrez*, 5 AD3d 405 [2004], *lv denied* 3 NY3d 649 [2004]; *People v Gray*, 2 AD3d 275 [2003], *lv denied* 1 NY3d 628 [2004]), County Court's resentencing was not only proper, but mandatory.

Mercure, J.P., Peters, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the judgment is affirmed.