OPINION OF THE COURT
Per Curiam.
Judgment of conviction rendered July 31, 2002 reversed, on the facts, and as a matter of discretion in the interest of justice, and the accusatory instrument is dismissed.
Defendant and codefendant Anorue were jointly tried upon multiple counts of misdemeanor assault, menacing, and weapon possession as the result of a January 30, 2001 incident where, acting in concert, they (and an unapprehended, unidentified third person) allegedly attacked complainants Okoro and Stubbs in the hallway of the Bronx apartment building in which codefendants and Okoro lived. Inasmuch as complainant Stubbs did not see and could not identify any of the hooded assailants, the prosecution relied exclusively upon complainant Okoro’s testimony to establish identification, testimony which, as the People’s appellate brief now acknowledges, was “hesitant” on the identification issue and “may have given [the jury] pause.” Notable in this regard is that complainant Okoro, while claiming to have immediately recognized the two codefendants during the altercation, admitted on cross-examination that he did not identify either of the codefendants as his assailants in summoning the police via several 911 calls and was uncertain as to whether he had disclosed the codefendants’ identities to the responding police officers at the scene or while canvassing the area in a patrol car in the near aftermath of the incident.
Following a joint bench and jury trial, the codefendant Anorue, who waived his right to a jury trial, was acquitted by the trial court on all seven submitted counts, with the court noting on the record that its verdict of not guilty reflected its “assessment” of complainant’s credibility. Defendant was acquitted by the jury of those counts of the information which charged him with weapon possession, with menacing and harassing both complainants, and with assaulting complainant Okoro, and was convicted only of the attempted assault of complainant Stubbs.
In view of the “seriously disturbing aspects of this case” (People v Nickerson, 175 AD2d 74, 76 [1991]), where the prosecution’s identification evidence in the form of complainant Okoro’s “hesitant” testimony was patently suspect, we find it appropriate to exercise our statutory authority to reverse *29 defendant’s lone attempted assault conviction as against the weight of the evidence and in the interest of justice (see CPL 470.15 [3] [b], [c]; see also People v Roman, 217 AD2d 431 [1995]). “[0]n balance we are left with a very disturbing feeling that guilt has not been satisfactorily established; that there is a grave risk that an innocent man has been convicted; and that we should therefore not let this conviction stand.” (People v Kidd, 76 AD2d 665, 668 [1980], lv dismissed 51 NY2d 882 [1980].)