■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYLER E., Appellant. [903 NYS2d 275]—

Lahtinen, J. Appeal from a judgment of the County Court of Otsego County (Cerio, Jr., J.), rendered June 8, 2009, which sentenced defendant upon his adjudication as a youthful offender.

Defendant pleaded guilty to two counts of criminal sexual act in the second degree and waived his right to appeal. At sentencing, defendant's convictions were converted to youthful offender adjudications and County Court imposed consecutively running sentences of 1⅓ to 4 years and 1 to 3 years. Defendant appeals.

Although we find that defendant validly waived his right to appeal, his challenge to the legality of the sentence survives such a waiver (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Romano, 45 AD3d 910, 912 [2007], lv denied 10 NY3d 770 [2008]). Moreover, we agree with defendant's claim—and the People concede—that County Court was without authority to impose consecutive sentences in excess of four years after having adjudicated him a youthful offender (see CPL 720.20 [1] [a]; Penal Law § 60.02 [2]; § 70.00 [2] [e]; see generally People v Malloy, 34 AD3d 1046, 1046 [2006], lv denied 9 NY3d 847 [2007]). Accordingly, because it remains our opinion that, "[i]f the trial court was of the belief that defendant required incarceration for a period longer than four years, youthful offender status should not have been granted" (People v Vincent Z., 82 AD2d 165, 167 [1981]), the judgment should be modified to provide that the sentences imposed run concurrently and not consecutively (see People v Jorge N.T., 70 AD3d 1456, 1457-1458 [2010]; People v David H, 70 AD2d 205, 206-208 [1979]).

Defendant's remaining contention is without merit.

Rose, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by directing that defendant's sentences shall run concurrently with one another, and, as so modified, affirmed.