The People of the State of New York, Respondent,
against
Aimee Lemoullec, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Gilbert C. Hong, J.), rendered October 28, 2014, after a jury trial, convicting her of obstructing governmental administration in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Gilbert C. Hong, J.), rendered October 28, 2014, reversed, on the facts and as a matter of discretion in the interest of justice, and the information is dismissed.
The verdict convicting defendant of obstructing governmental administration in the second degree was against the weight of the evidence. Under these particular circumstances, "an acquittal would not have been unreasonable" as there was conflicting testimony and a lack of evidence beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). In view of the significant inconsistencies in the testimony of the two testifying police officers regarding what transpired prior to their arrest of defendant and her two companions, who were approaching their parked vehicle after attending a show at Webster Hall, and whether the officers, who had been participating in an unrelated undercover drug operation while sitting in the vehicle parked directly in front of defendant's vehicle, adequately identified themselves to defendant as police officers, the evidence was insufficient to prove beyond a reasonable doubt that defendant "intentionally ... prevent[ed] or attempt[ed] to prevent [the police] from performing an official function, by means of intimidation, physical force or interference" (Penal Law § 195.05). In performing our de novo review of the evidence in this close case, we note that defendant's friend/codefendant was acquitted of the same charge, based upon essentially the same evidence (see People v Rayam, 94 NY2d 557, 560 n [2000]). This acquittal, even if not repugnant or inconsistent with defendant's conviction, indicates that the jury did not credit the police testimony "in toto" (see People v Roman, 217 AD2d 431, 432 [1995]).
In view of our determination, we reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 26, 2018