WILSON, J.
Late one evening, when Teri W. was 17 years old, she and a man she knew sexually assaulted a 15-year-old girl. Teri W. pleaded guilty to one count of sexual abuse in the first degree, a class D felony sex offense. Pursuant to CPL 720.20, upon Supreme Court's determination that "the interest of justice would be served by relieving [her] from the onus of a criminal record," she was adjudged to be a youthful offender, meaning that her "conviction [was] deemed vacated and replaced by a youthful offender finding; and [that] the court must sentence the defendant pursuant to section 60.02 of the penal law" ( CPL 720.20 [1 ] [a]; [3] ). Supreme Court sentenced her to 10 years' probation. Teri W. appealed, contending that her 10-year probation sentence illegally exceeded the five-year maximum for undesignated class E felonies. The Appellate Division held her *387 **778 sentence was legal (142 A.D.3d 924, 37 N.Y.S.3d 890 [1st Dept. 2016] ). We now affirm.
Penal Law § 60.02(2) provides that the sentence for a youthful offender adjudication replacing a felony conviction must be a sentence "authorized to be imposed upon a person convicted of a class E felony." Teri W. argues that "class E felony" here refers to an undesignated E felony, and that her probation term must therefore be no more than five years under Penal Law § 65.00(3)(a)(i). The version of that statute in effect when Teri W. committed her offense provided that
"[f]or a felony, other than a class A-II felony defined in article two hundred twenty of this chapter or the class B felony defined in section 220.48 of this chapter, or any other class B felony defined in article two hundred twenty of this chapter committed by a second felony drug offender, or a sexual assault, the period of probation shall be five years"
(former Penal Law § 65.00[3][a][i] [emphasis added] ).[1]
Pursuant to the exception above, "[f]or a felony sexual assault, the period of probation shall be ten years" ( Penal Law § 65.00[3][a][iii] ).
When the youthful offender statute was enacted in 1971, the Penal Law did not differentiate among the class E felonies. The legislature over the decades has carved out various designations, and mandated determinate prison sentences for class E felony violent, sex and drug offenses ( Penal Law §§ 70.02[2][c], 70.80[4], 70.00[1] ). The legislature has also differentiated terms of probation by type of offense and, as relevant here, enacted Penal Law § 65.00(3)(a)(iii), lengthening the term of probation for misdemeanor and felony sex offenses. Teri W.'s argument is that the legislature, when creating the differentiation among class E felonies-and specifically when establishing a 10-year probationary sentence for felony sex offenders-did not intend to change the probationary period for youthful offenders who committed a felony sex offense, but meant to retain the five-year period applicable to undesignated class E felonies. Addressing her argument, the Appellate Division relied on its decision in People v. Gray, 2 A.D.3d 275, 275, 769 N.Y.S.2d 255 (1st Dept. 2003), in which it held that the 10-year probation term for felony sex offenders did not include an exception for youthful offenders (see 142 A.D.3d at 925, 37 N.Y.S.3d 890; Penal Law § 65.00[3][a][iii] ). Other departments of the Appellate Division have reached the same conclusion (see People v. Brandon T., 19 A.D.3d 883, 797 N.Y.S.2d 624 [3d Dept. 2005] ; People v. Torrez, 5 A.D.3d 405, 771 N.Y.S.2d 909 [2d Dept. 2004] ).
"As the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" ( People v. Golo, 26 N.Y.3d 358, 361, 23 N.Y.S.3d 110, 44 N.E.3d 185 [2015] [citation omitted] ). Penal Law § 60.02 requires that, in the case of a felony youthful offender, "the court must impose a sentence authorized to be imposed upon a person convicted of a class E felony." Penal Law § 65.00 in turn indicates that sentences of probation should be considered in accordance with "the nature and circumstances of the crime and ... the history, character and condition of the defendant," and the statute prescribes *388 specific **779 probationary terms according to a variety of factors, including class of felony, designation of such felonies as violent, sex or drug, or whether the crime is a misdemeanor ( Penal Law § 65.00[1][b] ; [3] ). "Sexual assault" in that statute is defined as
"an offense defined in article one hundred thirty [sex offenses generally, which includes A, B, C, D and E felonies as well as misdemeanors] or two hundred sixty-three [sexual performance by a child, which includes B, C, D and E felonies], or in section 255.25, 255.26 or 255.27 of this chapter [incest offenses, which are E, D and B felonies, respectively], or an attempt to commit any of the foregoing offenses" ( Penal Law § 65.00[3] ).
Because that definition includes sex offenses that are class E felonies, a probation period of 10 years for a felony sexual assault is a sentence "authorized to be imposed upon a person convicted of a class E felony" ( Penal Law § 60.02 ). Concordantly, Penal Law § 65.00(3)(a)(i) exempts "sexual assaults" from the shorter probationary period applicable to non-sexual assault class E felonies.
Teri W. turns for support to the Third Department's decision in People v. Jorge D., 109 A.D.3d 16, 966 N.Y.S.2d 272 (2013). There, the Appellate Division held that although, subsequent to the adoption of the youthful offender statute, the legislature classified certain E felonies (violent, drug and sex offenses) as requiring determinate sentences, those provisions could not be applied to youthful offenders, because the youthful offender statute specifically contemplates indeterminate sentences of imprisonment for youthful offenders ( id. at 19, 966 N.Y.S.2d 272 ; see CPL 720.20[1][a] ). Thus, to reconcile two facially contradictory statutory provisions, the Third Department concluded that the more specific statute concerning youthful offenders would prevail. The rule of lenity would suggest the same result ( People v. Green, 68 N.Y.2d 151, 153, 506 N.Y.S.2d 298, 497 N.E.2d 665 [1986] ). In any event, the question of which sentence would apply for a term of imprisonment is not presently before us. Here, the language requiring a 10-year probation period in Penal Law § 65.00(3)(a)(iii) does not conflict facially with any other statutory provision.
At most, Teri W's arguments suggest that the legislature, when classifying E felonies, may not have been thinking about the effect of the classifications on youthful offender sentencing. However, even if it were clear that the legislature had not contemplated the effect of its felony classifications on youthful offenders, and even if the lengthened term of probation for sexual assaults might not seem to be fully congruous with the policies underlying the youthful offender statute, neither of those propositions tells us what the legislature would have done. Instead, we are left with what it has done, which, as regards this case, is a clear statement that individuals who commit sexual assaults be subjected to longer terms of probation than other, undesignated class E felons. When the legislature amends a particular statute, it is presumed to act with knowledge of the effect of that amendment on the interpretation of other statutes (see generally People v. Williams, 19 N.Y.3d 100, 104, 945 N.Y.S.2d 629, 968 N.E.2d 983 [2012] ).[2]
*389 **780 Teri W. similarly objects that imposing 10 years' probation on youthful offenders convicted of a sex offense is a substantially longer term than, for example, the probationary term a youthful offender convicted of a class B violent non-sexual assault felony would receive. Again, this demonstrates the legislature's concern that sex offenders be treated differently, but does not establish that the legislature meant to exempt youthful offenders who have committed a felony sex offense from the 10-year term statutorily required for all felony sex offenders sentenced to probation.
Because Teri W.'s argument fundamentally rests on the colorable but unproven proposition that the legislature inadvertently and unfairly imposed a 10-year probationary term on youthful sex offenders, it is worth pointing out that our decision is fully compatible with the youthful offender statute. First, as part of the fresh start provided by the youthful offender statute, Teri W. will not be registered as a sex offender (see Correction Law § 168-a [1 ]; CPL 720.20[3] ). Second, although Teri W. pleaded guilty to a class D felony, the legislature provided that all youthful offenders will be sentenced as if they committed a class E felony ( Penal Law § 60.02[2] ), which generally carries a more lenient sentence than higher classes of felonies. Third, a trial judge has the ability to "terminate[ ] [the period of probation] sooner in accordance with the criminal procedure law" ( Penal Law § 65.00[3] ), if the court is satisfied that
"(i) the probationer is no longer in need of such guidance, training or other assistance which would otherwise be administered through probation supervision;
(ii) the probationer has diligently complied with the terms and conditions of the sentence of probation; and
(iii) the termination of the sentence of probation is not adverse to the protection of the public" ( CPL 410.90[3][a] ).
Accordingly, the order of the Appellate Division should be affirmed.
Order affirmed.
Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia and Feinman concur.

In 2013, the provision was amended to permit a term of three, four or five years (Penal Law § 65.00[3] ; L.2013, ch. 556, §§ 1-4).

Moreover, Teri W.'s position, as presented at oral argument, is not that she must be sentenced to a class E felony probation term as it was defined at the time the youthful offender statute was enacted in 1971, but that if the legislature changes the sentences for class E felonies, those changes would apply to youthful offenders. That is, in effect, what the legislature did when it classified certain E felonies based on the nature of the offense.